Wright vs. Wright.

WRIGHT, Plaintiff in error, vs. WRIGHT, Defendant in error.

*September 10 — September 24, 1889.*

*(1)* Habeas corpus: *Review on writ of error. (2, 3) Divorce: Bond, with surety, for payment of alimony: Modification of judgment: Contempt.*

1. On writ of error to review an order or judgment made in a *habeas corpus* proceeding, remanding a prisoner to custody, this court is limited to the question of jurisdiction; and the rule is the same

---

Wright vs. Wright.

---

where the judgment brought up for review was rendered by the circuit court on *certiorari* to a court commissioner who had issued the writ of *habeas corpus* and discharged the prisoner thereon.

2. Under sec. 2367, R. S., the circuit court may require the husband to give a bond with surety for the payment of alimony or other allowance adjudged to the wife in a divorce action. And though the original judgment did not provide for such security it may be subsequently required.

3. A refusal to give such bond with surety, when required, may be punished as a contempt.

ORTON, J., dissents.

ERROR to the Circuit Court for *Milwaukee* County. The case is stated in the opinion.

For the plaintiff in error there were briefs by *Rose & Bell*, and oral argument by *D. S. Rose*.

For the defendant in error there was a brief by *Clarke & McAuliffe*, and oral argument by *J. M. Clarke*.

.COLE, C. J. In March, 1888, in an action in which the plaintiff in error was complainant, a judgment of divorce from the bonds of matrimony was rendered in favor of the defendant in error by the circuit court of Milwaukee county. By the judgment the plaintiff husband was required to pay the defendant wife $30 a month for alimony, as well as the costs of the action, and execution for the costs was awarded. The husband failed to pay the alimony as required, and the wife procured an order for him to show cause why he should not give security for its payment. On the hearing of this rule the circuit court made an order, on the 13th day of June, 1888, that the husband forthwith execute and deliver to the wife, or her attorneys, a good and sufficient bond, with a good and sufficient surety to be approved by the court, in the sum of $1,000, conditioned, among other things, that the said plaintiff would, within ten days from the date of the bond, pay to the defendant or her attorneys all moneys due on the judgment for alimony, and would further pay the defendant or her

attorneys at the time the same should become due upon the judgment all sums for alimony. The husband neglected to give this bond, and the wife procured another rule for him to show cause why he should not be punished as for contempt for the disobedience of the order of June 13th. On the hearing of the last rule, July 14, 1888, the circuit court adjudged the plaintiff guilty of contempt in wilfully disobeying the order of June 13th, and directed a warrant to issue for his arrest and confinement in the county jail until he should comply with that order, and further pay the wife's attorneys the sum of $10, and also the costs and expenses on the last rule, taxed at $1.50, due the sheriff for fees, together with the sum of $10 as costs on the motion, and that he stand committed until the further order of the court or until he should be discharged by law.

The husband, having been imprisoned on the warrant, sued out a writ of *habeas corpus* before a court commissioner, and upon the hearing of that proceeding was discharged. Thereupon the cause was brought before the circuit court on *certiorari* to review the proceeding before the court commissioner, and, on hearing, the circuit court reversed the order of the commissioner discharging the husband, and remanded him to imprisonment under the warrant. The husband has brought the case to this court by a writ or error for a review of the proceedings before the circuit court, and to reverse its last order or judgment.

This statement of the various steps taken in the case was deemed necessary to make our further remarks intelligible; but, before considering the cause upon its merits, we observe that the case stands here in substantially the same position it would if the circuit court had issued the writ of *habeas corpus*, and on the hearing had remanded the plaintiff into the custody of the officer. Such, in effect, was the ruling in *State v. Grottkau*, 73 Wis. 589, where that question of practice was decided; or, in other words, the field

of judicial inquiry is not enlarged by the way the case is brought before us, but we are limited to the question of jurisdiction, and cannot review errors committed in the exercise of jurisdiction. In the language of DIXON, C. J.: " It is conceded that for mere error, no matter how flagrant, .the remedy is not by writ of *habeas corpus*. For error the party in prison must prosecute his writ of error or *certiorari*. Nothing will be investigated on *habeas corpus* except jurisdictional defects or illegality, as some courts and authors term it, by which is meant the want of any legal authority for the detention or imprisonment." *In re Crandall*, 34 Wis. 177.

Bearing in mind these rules as to the extent of our inquiry in the case, we will proceed to the question whether the record shows a want or defect in the jurisdiction of the court which made the orders for the disobedience of which the husband was imprisoned. His counsel contends that the circuit court had no power to make the order requiring a bond to be given for the payment of alimony, *with a surety*, because a performance of the order did not depend upon the act of the husband alone, but depended upon the act of some person not a party to the suit. But it must be borne in mind that in civil and criminal procedure the magistrate or court often exacts security from.the defendant or accused, and, in case of refusal, incarcerates him. It is true, a poor man cannot always produce security, and may go to prison for failing to perform an act beyond his power. Sec. 2367, R. S., in substance enacts that, in all cases where alimony or other allowance shall be adjudged the wife, the court may provide that the same be paid in such sums and at such times as shall be deemed expedient, and may impose the same as a charge upon any specific real estate of the party liable, " or *may require sufficient security to be given for the payment thereof.*" This is not confined to cases where the husband has property upon

which security can be given, but extends to cases where the husband has no property and can give a bond with a surety. If the husband is unable to give such a bond, and that fact is made to appear to the satisfaction of the court, it is not to be presumed the court will send him to prison for failing to do an act beyond his power. In this case the husband had an opportunity to show his inability to comply with the order and that his refusal was not contumacious. The court, however, adjudged that he "wilfully" disobeyed the order. Possibly that decision was erroneous, because not in accord with the evidence. Certainly it was but an error if the court reached the wrong conclusion upon the evidence. It did not affect the jurisdiction of the court, but at most was a mere error, and we will add, if the order adjudging the husband guilty of contempt were here for review, we might hold that it was defective in not finding that he was able to comply with it and give the required bond; but that question is not before us, nor can the error be corrected or reached on a writ of *habeas corpus.*

The husband is not obliged to wait for justice in a prison. He may, by a proper proceeding, obtain a modification or change of the order by showing the court that it is absolutely beyond his power to comply with it; but it is clear to our minds that the mistake in the order of July 14th — if one there was — cannot be reached or corrected in this proceeding. The court had power, under the statute, to make the order and to enforce obedience to it by proceedings as for contempt. This is the only question of jurisdiction involved, and, it being decided adversely to the husband, disposes of the case.

The plaintiff's counsel claims that the court had no authority to punish as for contempt the refusal to give the bond with a surety to secure payment of alimony. But suppose the court had ordered the husband to pay over

money or deliver up securities which were shown to be in his possession concealed, could not the court enforce obedience to such an order, and, if the party wilfully disobeyed it, punish as for a contempt the misconduct? If the court could not do that, it would be impotent to secure a due administration of justice, and its orders would be vain and nugatory. We have no doubt as to the power of the court to enforce performance of its orders lawfully made. As we have already said, the form or sufficiency of the order adjudging the husband in contempt, or whether it was made on adequate proof of ability to comply with it, are not matters before us. The sole question is, Had the court power, upon any state of facts, to require the husband to give a bond with a surety? And upon that proposition we are clear that it had such power. The case of *Park v. Park*, 18 Hun, 466, *S. C.* 80 N. Y. 156, is a direct authority upon the point. The case of *Guenther v. Jacobs*, 44 Wis. 354, shows that the order requiring the security by a bond with surety is not unprecedented in this state.

It is hardly necessary to observe that there is nothing in *In re Pierce*, 44 Wis. 411, which aids the plaintiff. It is there held that the court, in the contempt proceeding, acted under the wrong statute, and exceeded its jurisdiction both as to matter and law; consequently its order was held void. The chief justice, however, in his dissenting opinion, held that the defect was one of error merely, and not jurisdictional.

The original judgment of divorce does not provide for the giving of any security by the husband for the payment of the alimony therein provided for, and counsel says the court had no authority to require such security after final judgment; but, under our statute, so far as alimony is concerned, the judgment is subject to the continuing power of the court, as it has frequently been held. The court may, on application of either party, revise and alter the judg-

ment as to alimony, as the circumstances and needs of the parties require. We have held, in a case decided at the same time as this, that at a subsequent term the court might decree a division of the estate of the husband. *Blake v. Blake,* 75 Wis. ——.[1] The court may surely make any change as to the amount of alimony required to be paid by the husband, and as to the time of payment, which is deemed just and expedient. It may require that security be given by the husband, if it is necessary for the protection of the rights of the wife. The statute gives the court full control over the subject.

Our conclusion upon the case is that the record shows no jurisdictional defects in the proceedings, nor any want of legal authority for the detention of the husband. At most, there was only error in the exercise of a lawful jurisdiction. The judgment of the circuit court is therefore affirmed.

ORTON, J. I most respectfully dissent from the decision in this case. The decision is evasive of the real question. The order requiring the defendant to give security was not appealed from, and the time for appealing therefrom had expired. It is therefore doubtful, at least, whether that order can be reviewed on this writ of error. The court then adjudged that the defendant be imprisoned for contempt for not complying with that order. The court commissioner, on *habeas corpus,* discharged the defendant on his showing by affidavits that it was not in his power to perform that order. On *certiorari,* the circuit court adjudged that the order of the court commissioner be *reversed,* and that the defendant be recommitted to prison for not performing that same order. This last judgment is brought

---

[1] In the case of *Blake v. Blake* a motion for a rehearing is pending at the time of printing this volume. It will probably appear in 75 Wis.— REP.

here by the writ of error, and that is the only judgment to which the writ is addressed. The decision is that, as the court had jurisdiction to make that original order, this last judgment be affirmed. The jurisdiction or errors of the last judgment were not considered. The office of a writ of error is to bring before the court the record, that the errors thereof be reviewed. It is not confined to the question of jurisdiction alone. This last judgment, however, is not only void for want of jurisdiction, but is erroneous. The statute (sec. 3491, R. S.) requires the court, before ordering the defendant imprisoned, to adjudge that the order was "yet in the power of the defendant to perform." This important fact was not determined by the court, but, on the other hand, the defendant made it appear, at least *prima facie*, that it was not within his power to perform it. This is a condition precedent to such a judgment, and the judgment is void without it. This important question is not disposed of by the decision. If the defendant cannot obtain relief on this writ of error, I cannot see how he can ever be relieved from this unlawful imprisonment. Why cannot this court review this judgment on a writ of error, like any other judgment of the circuit court? That judgment is that the defendant be imprisoned, not only until he performs that order, but until he pays the *costs* of these proceedings. Is that lawful?

*By the Court.*— The judgment of the circuit court is affirmed.