## ERVAY *v.* ERVAY.

DIVORCE—REFUSAL TO PAY SUIT MONEY—CONTEMPT—PRACTICE.
  Filing interrogatories, and giving an opportunity to produce witnesses to rebut the showing made by the wife as entitling her to an allowance for expenses of suit pending divorce proceedings, are not prerequisite to a commitment of the husband for contempt in refusing absolutely to obey an order requiring such moneys to be paid.

Appeal from Ionia; Davis, J. Submitted April 20, 1899. Decided July 5, 1899.

Bill by James A. Ervay against Eliza M. Ervay for a divorce. Complainant appeals from an order committing him for contempt in disobeying an order for payment of suit money. Affirmed.

*W. H. Mains* and *R. A. Hawley*, for complainant.

*Chaddock & Scully*, for defendant.

LONG, J. Complainant filed his bill for divorce against defendant on the ground of cruel treatment. In the bill it is charged that the parties were some years ago each the owner of an undivided half of 60 acres of land, but that, at the defendant's request, a contract for a division of the land was made, so that complainant became the owner of 40 acres, and the defendant of 20 acres, on which were the buildings and orchard, with the agreement that the complainant should have the use of the whole land so long as both should live. The defendant filed an answer in the nature of a cross-bill, denying the cruelty charged in complainant's bill, and charging him with extreme cruelty, and asking a decree of divorce and alimony, both temporary and permanent. In this cross-bill, defendant denies that she ever consented to let complainant have the use of

the 20 acres of land, but alleges that he took possession thereof, and is now in possession, and refuses to allow her the income or any of the proceeds thereof. She subsequently filed a petition for an allowance for the costs and expenses of the case, setting up therein that this 20 acres of land was in the possession of complainant, and that he refused to deliver up the possession to her, and that she has no means except this land, and a limited amount of wearing apparel, and $24 worth of personal property, and $5 in money; that the complainant's land is worth $1,200; that he has $500 worth of personal property, and receives a pension of $144 per year; that she is 51 years of age, in feeble health, unable to work, and if compelled to mortgage her 20 acres of land, which is of the value of only $600, and already mortgaged for $72, she will not be able to pay the mortgage. Complainant filed an affidavit in opposition to the petition for alimony, in which he admits that he draws the amount of pension stated, but says that the personal property possessed by him is of the value of no more than $200, and that the land owned by him is mortgaged for $200. The complainant filed with this affidavit the contract between the parties relative to the division of the lands and property of the parties. The court, on considering the petition and affidavit, made an order that complainant pay $25 to defendant's solicitors within 20 days from the date of the order. A demand accompanying a certified copy of the order was made upon complainant for the payment of this amount, which was refused. Defendant's solicitors thereupon filed an affidavit setting forth that, when the demand was made for this money, the complainant stated that he would not pay the same until the final end of the suit, and that he would go to jail before he would pay it. The court thereupon made an order that complainant show cause why an attachment should not issue against him for his refusal to comply with the order. Complainant filed an affidavit on the order to show cause, reiterating therein the facts set up in the former affidavit, and again setting forth the terms of the contract; but the

affidavit does not deny that he holds possession of the defendant's 20 acres of land, nor does he deny that he is able to pay the amount named in the order. Subsequently an order was made that complainant be committed for contempt in refusing to obey the order for payment of suit money.

Complainant appeals from the order, and it is here contended that the court was in error in making the order until he had ordered interrogatories to be filed, and the complainant given an opportunity to produce his witnesses to rebut the claim made by the defendant in the petition. The filing of interrogatories was not necessary to this proceeding. *Edison* v. *Edison*, 56 Mich. 185. The order to show cause was issued and served on the complainant. He absolutely refused to comply with it, and made no showing on the return which the court below deemed a sufficient excuse. He had a full opportunity to make a showing. 2 How. Stat. § 7260, provides that "when any rule or order of the court shall have been made for the payment of costs, or any other sum of money, and proof by affidavit shall be made of the personal demand of such sum of money, and of a refusal to pay it, the court may order a precept to commit the person so disobeying to prison," etc.

It is also contended that the defendant had sufficient property of her own to carry on the litigation, and therefore no order should have been made. The showing made, we think, warranted the court in finding otherwise.

The order must be affirmed.

The other Justices concurred.