GLADYS CLARK *v.* WILLIE CLARK.[*]

(*Knoxville.* September Term, 1925.)

1. **CONSTITUTIONAL LAW.** Alimony not ''debt'' within statutes or Constitutions prohibiting imprisonment for debt.

Alimony is not a "debt" within the meaning of statutes or Constitutions which prohibit imprisonment for debt, where decree expressly retains suit for such future orders as the court deems proper. (*Post, pp.* 437, 438.)

Cases cited and approved: Going v. Going, 148 Tenn., 559; In re Kinsolving, 135 Mo. App., 631; Coughlin v. Ehlert, 39 Mo., 285; Segear v. Segear, 23 Neb., 306; Leeder v. State, 55 Neb., 133; Allen v. Allen, 72 Iowa, 502; Baily v. Baily, 69 Iowa, 77; North v. North, 39 Mich., 67.

2. **DIVORCE.** Court did not lose control of case, where decree retained case for future orders as court might deem proper relating to payment of alimony.

Where divorce decree expressly retained suit for such future orders as court might deem proper relating to the payment of alimony, the court did not lose control over the case, and could thereafter attach defendant for contempt in failing to pay alimony. (*Post, p.* 439.)

Cases cited and approved: Murray v. Murray, 84 Ala., 363; Ex parte Hall, 125 Ark., 309; In re Popejoy, 26 Colo., 32; Lyon v. Lyon, 21 Conn., 185; Bronk v. State, 43 Fla., 461; Lewis v. Lewis, 80 Ga., 707; Barclay v. Barclay, 184 Ill., 375; Menzie v. Anderson, 65 Ind.,

---

[*]Contempt proceedings to compel payment of alimony, See notes in 24 L. R. A., 433; 30 L. R. A. (N. S.), 1001, L. R. A., 1917C, 97.

Statutes expressly or impliedly denying power to enforce by process of contempt, order, judgment or decree, for money, as applicable to order or decree for alimony, see 8 A. L. R., 1156.

Clark v. Clark.

239; Slade v. Slade, 106 Mass., 499; Ervay v. Ervay, 120 Mich., 525; Hurd v. Hurd, 63 Minn., 443; Sheafe v. Sheafe, 36 N. H., 155; Pain v. Pain, 80 N. C., 322; Smith v. Smith, 51 S. C., 379; Andrew v. Andrew, 62 Vt., 495; In re Cave, 26 Wash., 213; Smith v. Smith, 81 W. Va., 761; Adams v. Adams, 80 N. J. Eq., 175.

3. **CONTEMPT.** Process for contempt proper, where defendant's disobedience to decree is palpable, willful, and inexcusable.

Where party is guilty of palpable, willful, and inexcusable disobedience to a decree of court constituting, beyond doubt, contempt of court, court or judge is empowered to punish for contempt and sentence defendant to imprisonment until specified sum and costs are paid. (*Post, pp.* 439, 440.)

Cases cited and approved: State v. Dent, 29 Kan., 416; Russell v. Russell, 69 Me., 336; Strobridge v. Strobridge, 21 Hun (N. Y.), 288; Wright v. Wright, 74 Wis., 439; Blake v. Blake, 80 Ill., 523; Ramsay v. Ramsay, 125 Miss., 185.

4. **DIVORCE.** Defendant's inability to comply with decree for alimony is an answer to rule to enforce it: burden is on defendant to show inability to pay.

Inability of defendant to comply with an order or decree relative to payment of alimony is an answer to a rule to enforce it, and when it is made to appear, defendant is entitled to be discharged; but the burden is on the defendant to show inability. (*Post, p.* 440.)

Cases cited and approved: Blake v. People, 80 Ill., 11; Newhouse v. Newhouse, 14 Or., 290; Galland v. Galland, 44 Cal., 475; Carlton v. Carlton, 44 Ga., 216; Peel v. Peel, 50 Iowa, 521.

5. **CONSTITUTIONAL LAW.** Compelling defendant to pay alimony fixed in decree of divorce does not impose involuntary servitude.

Compelling defendant by contempt proceedings to pay monthly sums of alimony fixed in decree of divorcement, provided he has ability to do so, does not impose upon him involuntary servitude, in viola-

Clark v. Clark.

tion of Constitution United States, article 13, section 1.  (*Post*, *p.* 441.)

Constitution cited and construed: art. 13, sec. 1.

---

*Headnotes 1. Divorce, 19 C. J., Section 692; 2. Divorce, 19 C. J., Section 692; 3. Contempt, 13 C. J., Section 134; 4. Divorce, 19 C. J., Section 699; 5. Constitutional Law, 12 C. J., Section 446.

---

### FROM BLOUNT.

---

Appeal from the Circuit Court of Blount County.— Hon. Sam C. Brown, Judge.

Homer A. Goddard, for appellant.

McTeer, Kramer & Quinn, for defendant.

Mr. Justice Hall delivered the opinion of the Court.

On December 31, 1923, the petitioner, Gladys Clark, filed her bill in the circuit court of Blount county against her husband, Willie Clark, seeking a divorce from him on the ground of cruel and inhuman treatment, asking for the custody of her infant son, Henry Clark, and alimony and attorneys' fees.

The defendant, Willie Clark, though duly served with process, failed to answer or otherwise make defense to said bill, and an order *pro confesso* was duly taken against him on February 22, 1924, and the case was subsequently heard *ex parte* before Hon. M. H. Gamble, Chancellor, sitting, by interchange, with the regular circuit judge, who, after hearing the evidence, granted the petitioner an ab-

152 Tenn.—28.

solute divorce as prayed for in the bill; and the court
further ordered that she be given the custody of her in-
fant son, Henry Clark, and that the defendant be required
to pay to the clerk of the court the sum of $10 per month
as alimony for the petitioner, such payments to be made
by defendant on the 1st day of each month; that defend-
ant pay to McTeer, Kramer & Quinn, petitioner's attor-
neys, the sum of $20 for services rendered in said di-
vorce proceeding; and the decree expressly retained the
case in court for such further future orders as the court
might deem proper to make concerning alimony.

The defendant refused or failed to comply with the or-
der of the court requiring him to pay monthly the sum
of $10 alimony to the clerk of the court for the benefit
of petitioner, and also refused or failed to comply with
the order of the court requiring him to pay the sum of
$20, adjudged to be due McTeer, Kramer & Quinn as
attorneys' fees.

On June 2, 1924, the petitioner, Gradys Clark, filed
her petition in the circuit court of Blount county against
the defendant, Willie Clark, alleging in said petition:
That an absolute divorce had been granted her from the
defendant, and that in the decree granting her a divorce
she was given the custody of her infant son, Henry Clark.
That the defendant was ordered to pay the sum of $10 on
the 1st day of each month as alimony for petitioner, and
that he pay to her solicitors, McTeer, Kramer & Quinn,
the sum of $20 for their services in said divorce pro-
ceeding, and ordering that said cause be retained in court
for such further future orders as the court might deem
proper to make concerning alimony.

Clark v. Clark.

That defendant, since said decree for divorce was rendered, had never paid any part of the alimony ordered and adjudged to be paid by him to the clerk of the court in said decree, nor had he paid any part of the costs or attorneys' fees adjudged and ordered to be paid. That the conduct of the defendant in refusing or failing to comply with the decree of the court in this regard is a contempt of court, and the petition prayed for a writ of attachment for the body of the defendant and that he be required to appear and show cause why he should not be dealt with accordingly.

An attachment was issued upon the *fiat* of the circuit judge on June 2, 1924, commanding the sheriff of the county to attach the body of the defendant and bring him before the court to show cause why he should not be fined, or committed, according to law, for refusing and failing to obey the decree of the court rendered in said divorce proceeding.

The attachment was served upon the defendant, and he gave bond for his appearance at the next term of the court following the issuance and execution of said attachment writ.

On June 16, 1924, the defendant filed a demurrer to the petition, setting up the following defenses to the same:

"(1) That so much of the original decree entered in this cause as attempted to reach and affect the future earnings of the original defendant, Willie Clark, was and is a nullity and incapable of enforcement by the aid of this court.

"(2) That the decree heretofore entered in this cause, which is relied on as the basis for the petition for contempt filed, is a final judgment, and as such is a debt,

and, being a debt, is incapable of enforcement for contempt proceedings because such proceedings carry the power of imprisonment, and would be in violation of the Constitution of this state to imprison the demurrant for failure to pay said debt.

"(3) That said decree being a final judgment, and the time during which the court might exercise jurisdiction over the same, or the subject-matter thereof, having elapsed, it is beyond the jurisdiction or control of this court, and is not now subject to addition or modification by any procedure; especially as complainant has a plain and adequate remedy by execution, which is provided in said decree.

"(4) Because contempt proceedings is an effort to compel this demurrant by decree of this court to pay $10 per month continuously through his life with the alternative of imprisonment on his failure to pay, and is therefore an effort to impose upon him involuntary servitude in violation of article 13, section 1 of the Constitution of the United States, which reads: 'Neither slavery or involuntary servitude, except as a punishment for crime, whereof the party having been duly convicted shall exist within the United States or any place subject to their jurisdiction.' And alleges further that threatened imprisonment held over the defendant is both unconstitutional and void."

The case was heard by the court on February 19, 1925, upon the petition, exhibits thereto, and the demurrer of the defendant, when the court sustained the demurrer, dismissed the petition, and taxed petitioner with the costs incident to filing the same.

To this action of the court petitioner excepted and prayed an appeal to the next term of the court of appeals, which appeal was granted and perfected.

The court of appeals entered an order transferring the case to this court, being of the opinion that the jurisdiction was in this court by virtue of chapter 100 of the Acts of 1925.

Through the assignments of error filed in this court, petitioner insists, in substance, that the trial court erred:

First, in not holding and decreeing that the defendant was in contempt of court for refusing and failing to comply with the decree of the court rendered in said divorce proceeding, and in not paying the alimony, costs, and counsel's fees as ordered by said decree; second, in holding that the decree for alimony was a final decree, and, as such, is a debt, and incapable of being enforced by a contempt proceeding; and, third, that the court erred in holding that said contempt proceeding was an attempt to imprison the defendant for a debt and impose upon him involuntary servitude in violation of article 13, section 1 of the federal Constitution.

While there is authority to the contrary, the general and better rule is that alimony is not a "debt" within the meaning of statutes of Constitutions which prohibit imprisonment for debt. This was expressly held by this court in *Going* v. *Going,* 148 Tenn., 559, 256 S. W., 890, 31 A. L. R., 633. In that case the court said: "In some states of the Union it has been held that alimony is merely a debt which cannot be enforced by contempt proceedings"—citing *In re Kinsolving,* 135 Mo. App., 631, 116 S. W., 1068; *Coughlin* v. *Ehlert,* 39 Mo., 285; *Segear* v. *Segear,* 23 Neb., 306, 36 N. W., 536; *Leeder* v. *State,* 55

Neb., 133, 75 N. W., 541; *Allen* v. *Allen,* 72 Iowa, 502, 34 N. W., 303; *Baily* v. *Baily,* 69 Iowa, 77, 28 N. W., 443; *North* v. *North,* 39 Mich., 67.

After citing the above cases, the court further said: "But these holdings are exceptional, the majortiy of the State courts holding that the alimony is not merely a debt, but that its payment is an act which the court has ordered the husband to perform, and that he is in default for failure to obey the court's order in this behalf, and may be attached for contempt."

In that case the judgment of the court of civil appeals holding the defendant, Going, to be in contempt of court for refusing or failing to comply with the court decree requiring him to pay to his wife certain alimony was reversed, and the attachment and *mittimus* quashed because the judgment for alimony had became final and the court had lost control over the matter; the cause not being retained in court for such future orders as the court might deem proper to make in said case concerning alimony. The court, however, in reaching this conclusion, expressly said:

"We do not mean to decide that the chancery court cannot, under other conditions, enforce the payment of alimony by attachment for contempt, for this question is not before the court; but we think that under the facts and circumstances shown by the record in this case attachment for contempt is not a proper remedy, and that the appellee must enforce her claims for alimony by other appropriate proceedings."

So that case must be confined to its peculiar facts and the condition of the decree for the alimony to be paid by the defendant in that case.

In the case under consideration the suit for divorce was expressly retained in court by the decree for such future orders as the court might deem proper relating to the payment of alimony, and therefore the court has not lost control over the case and the decree. In other words, the case of *Going* v. *Going,* supra, is not controlling in the instant case for this reason.

The following additional authorities support the rule that alimony is not a "debt" within the meaning of statutes or constitutional provisions which prohibit imprisonment for debt. *Murray* v. *Murray,* 84 Ala., 363, 4 So., 239; *Ex parte Hall,* 125 Ark., 309, 188 S. W., 827; *In re Popejoy,* 26 Colo., 32, 55 P., 1083, 77 Am. St. Rep., 222; *Lyon* v. *Lyon,* 21 Conn., 185; *Bronk* v. *State,* 43 Fla., 461, 31 So., 248, 99 Am. St. Rep., 119; *Lewis* v. *Lewis,* 80 Ga., 707, 6 S. E., 918, 12 Am. St. Rep., 281; *Barclay* v. *Barclay,* 184 Ill., 375, 56 N. E., 636, 51 L. R. A., 351; *Menzie* v. *Anderson,* 65 Ind., 239; *Slade* v. *Slade,* 106 Mass., 499; *Ervay* v. *Ervay,* 120 Mich., 525, 79 N. W., 802; *Hurd* v. *Hurd,* 63 Minn., 443, 65 N. W., 728; *Sheafe* v. *Sheafe,* 36 N. H., 155; *Pain* v. *Pain,* 80 N. C., 322; *Smith* v. *Smith,* 51 S. C., 379, 29 S. E., 227; *Andrew* v. *Andrew,* 62 Vt., 495, 20 A., 817; *In re Cave,* 26 Wash., 213, 66 P., 425, 90 Am. St. Rep., 736; *Smith* v. *Smith,* 81 W. Va., 761, 95 S. E., 199, 8 A. L. R., 1149; *Adams* v. *Adams,* 80 N. J. Eq., 175, 83 A., 190. Also see cases cited in Ann. Cas. 1913E, note 1087.

It has been announced that the process for contempt, although not frequently resorted to, is a proper and salutary mode of proceeding where the exigency of the case requires it, being one of the established modes of enforcing decrees of courts of equity, and a practice to

which the superior court should conform in cases where the defendant's disobedience of the decree is palpable, willful and inexcusable, and constitutes, beyond doubt, contempt. *Lyon* v. *Lyon*, supra.

The rule is based upon the ground that the refusal is willful disobedience, and where a party is guilty of will-ful disobedience, or obstinacy to an order of the court or judge, the court or judge is empowered to punish for contempt and sentence him to imprisonment until the specified sum and costs are paid. *State* v. *Dent*, 29 Kan., 416; *Russell* v. *Russell*, 69 Me., 336; *Strobridge* v. *Strobridge*, 21 Hun (N. Y.), 288; *Wright* v. *Wright*, 74 Wis. 439, 43 N. W., 145; *Blake* v. *Blake*, 80 Ill., 523; *Ramsay* v. *Ramsay*, 125 Miss., 185, 87 So., 491, 14 A. L. R., 712; 1 R. C. L., section 103, p. 966; 24 L. R. A., 434, note.

Inability to comply with the order or decree is an answer to a rule to enforce it, and when it is made to appear the defendant is entitled to be discharged. *Pain* v. *Pain*, supra; *Blake* v. *People*, 80 Ill. 11; *Newhouse* v. *Newhouse*, 14 Or., 290, 12 P., 422; *Galland* v. *Galland*, 44 Cal., 475, 13 Am. Rep., 167; *Carlton* v. *Carlton*, 44 Ga., 216; *Peel* v. *Peel*, 50 Iowa, 521; *Wright* v. *Wright*, supra. Also, see cases cited in note to Ann. Cas., 1913E, page 1088; 1 R. C. L., Title "Alimony," section 103.

In *Ramsay* v. *Ramsay*, supra, it was held that the burden is on the defendant to show his inability to pay or comply with the decree for alimony, the court saying: "The appellant's failure to comply with the decree directing him to pay alimony to the appellee placed him *prima facie* in contempt of court, and devolved on him the burden of proving his inability to make the payments directed."

Clark v. Clark.

There is no merit in the contention made by the defendant that to compel him to pay the monthly sums of alimony fixed in the decree of divorcement, provided he has ability to do so, would have the effect to impose upon him involuntary servitude in violation of article 13, section 1, of the federal Constitution, which is to the effect that neither slavery nor involuntary servitude, except as a punishment for crime, whereof the party has been duly convicted, shall exist within the United States, and no argument or authority is cited by defendant in support of this ground of his demurrer.

The judgment of the circuit court will be reversed and the case remanded for further proceedings not inconsistent with this opinion.

The defendant will be taxed with the costs of the appeal.