## CANNON v. CANNON—241 S. W. (2d) 435.

Eastern Section.   March 13, 1951.

Petition for Certiorari denied by Supreme Court, June 16, 1951.

H. D. Kerr, of Cleveland, for appellee.

Hardwick Stuart, of Cleveland, for appellant.

HOWARD, J.  This is a contempt proceeding growing out of a divorce case in which the appellee was granted a divorce from bed and board, custody of a minor child, and $50.00 per month alimony to be paid semi-monthly on the 1st and 15th day of each month, beginning on May 15, 1948.  The court found that the appellant had "a good avocation in life and is able to support his said wife and child," and that he "is likely to leave the State of Tennessee for the purpose of defeating this judgment."  He was ordered to make a ne exeat bond in the penalty of $1,000.00, with two good and sufficient sureties, con-

ditioned on his remaining in the state. The bond was duly executed and appellant made the semi-monthly payments until November 1, 1948, when he quit on the pretext that he had lost his job at the DuPont Plant in Chattanooga where he had been regularly employed for several months previously.

On December 14, 1948, a petition for contempt was duly filed by the appellee alleging that the appellant had failed to make the two $25.00 payments due on November 15th and December 1st, 1948. Thereupon the court issued a fiat ordering that the appellant be attached and held under a $500.00 appearance bond to the January, 1949, Term of Court. Unable to find the appellant the officer returned the writ with the notation ''not to be found in my county.'' Predicated upon this return the court at the January Term issued an alias attachment and ordered a conditional forfeiture on the ne exeat bond to become final at the next term of court, May 1949, unless in the meantime appellant was delivered to the sheriff of Bradley County by the sureties on his bond which was done on February 10th, at which time the appellant was permitted to execute bond for his appearance at the May Term of Court. Upon appellant's failure to appear when the court convened in May, a conditional forfeiture on both the ne exeat and appearance bonds was ordered and an attachment issued upon which he was arrested on May 12th, at which time he filed a sworn answer to the petition for contempt.

Appellant in his answer denied that he was acting in bad faith in failing to make the alimony payments. He averred that he lost his job on November 12, 1948 through no fault of his but due to a reduction of personnel by his former employer, and that he had subsequently been unable to obtain work in Tennessee. He stated

that he could obtain work outside the state but that the ne exeat bond prevented his leaving the state, and, further, that it was the policy of his Labor Union not to place its members in employment while they are under bond to appear in court. He asked that he be released from the bonds so that he could accept employment outside the state.

On May 13th the court set aside the forfeitures previously ordered, adjudged appellant in contempt of court and ordered him to pay $300.00, the amount of alimony in arrears, by the 1st Monday in September, 1949. He was also ordered to continue the original alimony payments and, to carry out the orders of the court, was permitted to make bond for his appearance at said term of court.

When the court convened in September the appellant did not appear because he was confined in a hospital in Chattanooga where he had undergone an operation for ulcers, and the case was continued to the January, 1950 Term of Court, at which time the case was passed to February 1st to permit him to take the deposition of his doctor, which was never done. On February 1st appellant filed an affidavit in which it was stated that he was operated on on August 18, 1949, and that he had been unable to work from said date, and the case was again continued for him to the May, 1950 Term, at which time the evidence in the contempt proceeding was finally heard.

Appellant testified that he had been unable to work for a period of 6 months, from August 18, 1949 to February 13, 1950, during which time he had undergone an operation and had been under the treatment of a doctor. He said that he had been offered employment outside the state, which he could not accept because of the ne exeat bond, but that he could not find a job in Tennessee

because his Union would not place its members in jobs where they were under bond to appear in court; that if released from the bonds he could find employment locally. He said that he had been living with his sister in Chattanooga since being unemployed and had not paid her anything for board and room. Upon being questioned by the court, the appellant testified as follows:

"Q. 2. Do you intend to support this child?

"A. Yes, sir, I will be glad to if I can get a job or could get out from under the bond so I can get a job.

"Q. 3. This child has got to be supported and its grandmother has been baby sitting to help out and it certainly looks to me that any man as able bodied as you are could find something both legal and honorable to do in order to support this child if you had been really looking for a job.

"A. If you will find me a job I will be glad to support it."

The record shows that appellant's father paid the semi-monthly payments from the May 1949 Term of Court to the September Term, after which no further payments were made.

At the conclusion of the proof the court found that the alimony payments in arrears totaled $625.00, and that appellant's "failure to pay said payments as provided in the decree shows no good cause or excuse." He was adjudged guilty of contempt of court and ordered confined in the Bradley County jail until he purged himself by paying said amount. Upon the overruling of his motion for a new trial he appealed, and has assigned errors.

Complaint is made that the court erred in finding that the appellant showed no good cause or excuse for his failure to make the alimony payments, and that the order

adjudging him in contempt is contrary to the law and the greater weight and preponderance of the evidence.

■ As will be seen from the history of the case, the appellant has made absolutely no effort to comply with the law imposing upon him the duty of supporting his wife and child, since November 1, 1948. Appellant's excuse that he has not been able to find employment in Tennessee since he lost his job is not very persuasive, as it appears that he has not put forth much effort, if any, to find work. Since the close of World War II this Nation has experienced an era of economic prosperity unequaled in history. Employment has been the highest in the Nation's history and jobs have been available, at a substantial wage, for every able-bodied young man who has had an incentive to work. It is one thing for appellant to insist that his failure to support his wife and child has not been wilful and deliberate, but his actions speak another. Frequently good words are a mask for the concealment of bad intentions, and we think, as did the able trial judge, that appellant voluntarily and deliberately created his inability for the purpose of avoiding payment.

In 12 American Jurisprudence, it says: "Where an alleged contemner, however, has voluntarily and contumaciously brought on himself disability to obey an order or decree, he cannot avail himself of a plea of inability to obey as a defense to a charge of contempt." Sec. 72, p. 439.

In Clark v. Clark, 152 Tenn. 431, 278 S. W. 65, 67, the court said:

" . . . where a party is guilty of willful disobedience, or obstinacy to an order of the court or judge, the court or judge is empowered to punish for contempt

574

and sentence him to imprisonment until the specified sum of costs are paid.''

■ It is insisted that the order of the court committing the defendant to an indeterminate sentence is contrary to the law and evidence. This assignment is without merit. A contempt proceeding for failure to pay alimony in accordance with a divorce decree is a civil proceeding and the court has no authority to commit a defendant to jail for any definite time. In Sullivan v. Sullivan, 23 Tenn. App. 644, 137 S. W. (2d) 306, it was held that the action of the trial court committing a defendant to jail for ten days was erroneous as he should have been sentenced to imprisonment until the specific sum and costs were paid, if it was thought that defendant merited that punishment.

■ The proof shows that appellant was physically unable to work for a six months' period in 1949. Giving him the benefit of the doubt, we think he should be relieved of the payments totaling $300.00 for this 6 months' period, and the judgment will be modified to this extent. In all other respects the judgment will be affirmed and the case will be remanded to the Circuit Court for such further proceedings as may be necessary to enforce the judgment of that Court. Costs are adjudged against the appellant and his sureties.