# DOROTHY MARNEY BLACK v. SHIELDS E. BLACK.—362 S. W. (2d) 472.

Eastern Section. March 27, 1962.

Certiorari Denied by Supreme Court November 9, 1962.

456

Ladd. & Qualls, Harriman, for plaintiff in error.

McCluen & Cooley, Rockwood, for defendant in error.

McAMIS, P.J. ▉ This is a contempt proceeding growing out of a divorce suit in which Mrs. Black obtained a decree of absolute divorce from respondent Shields E. Black on October 1, 1953. She was also awarded custody of a son of the parties then about 6 years of age. The defendant was ordered to pay $100.00 per month for the support of the child. At the time of the filing of the petition for contempt on February 15, 1961, he had paid less than $200.00 and was in arrears to the extent of more than $8,000.00.

After a hearing on the petition to have respondent declared in contempt for failure to pay support installments as required, the Court found that during the period of more than 7 years between the date of the decree and the hearing respondent had earned at least $3250.00 per year and that his failure to pay was wilful and without reasonable excuse. Accordingly, respondent was found to be in contempt and was committed to jail "until the arrears accrued at the date of the filing of this petition are paid, or until an adjustment thereof satisfactory to both parties and satisfactory to the Court has been made."

Respondent has appealed and is at liberty pending disposition of the appeal under the original appearance bond. The assignments make no question as to the findings of the Court or that respondent was improperly held in contempt of court. The insistence is that the record does not show affirmatively that respondent can pay the total arrears of $8000.00 and, in fact, that it affirmatively appears from the record that he can not do so and that the effect of the judgment is that he must remain in jail for the remainder of his life. It is insisted the Court's powers are limited by T. C. A. sec. 23-903 hereinafter discussed.

We agree that the record fails to show that respondent has the ability at the present time to pay the full sum of $8000.00. We can not follow the argument of counsel, however, that because he offered to turn over to the court a 1953 automobile and a house trailer on which he owes $3500.00 which he says is all the property he has he should not be committed for contempt until he shows a willingness to conform to the decree if not in full then as far as he can.

In Cannon v. Cannon, 34 Tenn. App. 568, 241 S. W. (2d) 435, speaking through Judge Howard, this Court said:

"A contempt proceeding for failure to pay alimony in accordance with a divorce decree is a civil proceeding and the court has no authority to commit a defendant to jail for any definite time. In Sullivan v. Sullivan, 23 Tenn. App. 644, 137 S. W. (2d) 306, it was held that the action of the trial court committing a defendant to jail for ten days was erroneous as he should have been sentenced to imprisonment until the specific sum and costs were paid, if it was thought that defendant merited that punishment."

■ This is the rule unless as said in Leonard v. Leonard, 207 Tenn. 609, 341 S. W. (2d) 740, the respondent is flouting the Court in which event regardless of his present inability to perform he may be fined not exceeding $50.00 and confined in jail for not exceeding 10 days under T. C. A. sec. 23-903. The next succeeding Section provides that if the contempt consists of an omission to perform an act which it is yet in the power of the person to perform, he may be imprisoned until he performs it. Proceedings under the two sections are not in our opinion mutually exclusive. Under T. C. A. sec. 23-903 punishment is for criminal contumacy in resisting the established authority of the Court. T. C. A. sec. 23-904 confers upon the courts essential powers of coercion to enable them to enforce their judgments and decrees.

■ There is no merit in respondent's insistence that the Court was limited by the first Section to the imposition of a fine of $10.00 and commitment to jail for a maximum period of 10 days and the assignment directed to that action is overruled.

We do not construe the judgment of contempt as peremptorily requiring respondent to pay the full sum of $8000.00 in order to purge himself and secure his release from prison. Except in the clearest case of wilful refusal to pay, coupled with a clear showing of ability to pay, it is doubtful if the Court should exact such a condition after a lapse of more than 7 years during which Mrs. Black with the aid of her second husband has supported the child and has taken no action to enforce the decree. We do not decide the point, however, because the payment of the full amount of the arrearage was only one of the ways provided by the judgment in which respondent can purge himself and secure his release from prison.

By the terms of the judgment he could accomplish that result by making an adjustment satisfactory to petitioner and quite aside from the terms imposed by the judgment the Court retains and will continue to retain the power to effect his release at any time upon a proper showing regardless of whether the petitioner is satisfied with respondent's efforts to comply with the decree.

The Court was dealing here with a man who over a period of years has voluntarily placed himself in contempt of court and has evinced no recognition of his moral or legal duty to support his child. Even at the trial his only offer was to go to work and support the child and to surrender his property to the Court. It seems to us it was the duty of respondent to convert his property into cash and use it for the support of the child rather than to place this burden on the Court. Beyond his confession of gross neglect of duty over the years there was nothing to convince the Court that he has had a change of heart. No doubt, in framing the judgment of contempt, the Court was attempting to impress upon respondent that he will have to do more than make a promise and turn his property over to the Court to avoid going to jail.

Under the construction of the judgment above indicated and in view of the power of the Court to release respondent at any time upon a proper showing we find no prejudicial error and it results that all assignments are overruled and the case remanded for all proper proceedings. All costs are adjudged against appellant and surety on the appeal bond.

Hale and Cooper, JJ., concur.