# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

March 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

BAXTER NEAL HELSON,              )
                                 )
    Plaintiff/Appellee,          )
                                 )      Appeal No.
                                 )      01-A-01-9809-CH-00507
VS.                              )
                                 )      Williamson Chancery
                                 )      No. 24911
LETICIA FINLEY CYRUS,            )
                                 )
    Defendant/Appellant.         )


APPEALED FROM THE CHANCERY COURT OF WILLIAMSON COUNTY
AT FRANKLIN, TENNESSEE

THE HONORABLE CORNELIA A. CLARK, JUDGE
THE HONORABLE HENRY DENMARK BELL, JUDGE


CHARLES G. BLACKARD, III
155 Franklin Road, Suite 155
Brentwood, Tennessee 37027
    Attorney for Plaintiff/Appellee

J. RUSSELL HELDMAN
ERNEST W. WILLIAMS
320 Main Street, Suite 101
Franklin, Tennessee 37064
    Attorneys for Defendant/Appellant


AFFIRMED AND REMANDED


BEN H. CANTRELL,
PRESIDING JUDGE, M.S.


CONCUR:
CAIN, J.
COTTRELL, J.

# O P I N I O N

In this appeal we are asked to reverse the chancellor's action in issuing a show cause order for criminal contempt, in sua sponte changing the order from criminal to civil contempt, and in changing the court's original decree while it was on appeal and without being asked to do so. We affirm the chancellor's action.

## I.

In a 1998 dispute over visitation with a minor child, the Chancery Court of Williamson County entered an order that included, among other things, an order for the mother to "arrange for the minor child to make a weekly telephone call to [the father] . . . to occur approximately at 7:00 p.m. each Sunday evening." The order containing this provision was appealed to this court.

During the appeal the father filed a petition for criminal contempt for the mother's violation of the part of the order dealing with the telephone calls. The chancellor issued an order for the mother to appear and show cause why she should not be held in criminal contempt. After a hearing on March 10, 1998 the chancellor dismissed the criminal contempt charge but ordered that the petition be treated as one for civil contempt. The chancellor gave the mother forty-five days to file an answer and ordered that if the mother complied with the prior order concerning the telephone calls, the petition would be dismissed in its entirety.

The mother filed an answer, and the chancellor held another hearing on June 16, 1998. After the hearing, the chancellor dismissed the contempt charges, but the order contained the following paragraph:

> The Court's judgment of January 14, 1998, which requires Defendant to arrange for her minor child to make a weekly telephone call to Plaintiff in a location where no one is hearing what the conversation is on the calling side, said weekly telephone call to occur at approximately

7:00 p.m. each Sunday evening, is hereby construed, interpreted and clarified by the Court to mean that it is Defendant's obligation to place the telephone call or to cause the minor child or someone for him to place the telephone call within ten (10) minutes of 7:00 p.m. each Sunday evening, unless a different time for the telephone call is agreed upon by the parties before 7:00 p.m. each Sunday evening.

## II.

The mother argues that the original show cause order was erroneous because it shifted the burden of proof to her to show her innocence. Since the mother was not convicted of criminal contempt, this seems to have evolved into an argument that a criminal contempt charge cannot be initiated by a show cause order.

It is clear that criminal contempt must be proved beyond a reasonable doubt, like any other criminal charge. *Strunk v. Lewis Coal Co.*, 547 S.W.2d 252 (Tenn. Cr. App. 1976). The person charged with criminal contempt does not have the burden of proving his/her innocence. But Rule 42(b), Tenn. R. Crim. Proc. allows the requisite notice of an indirect criminal contempt to be given "by an order to show cause." We are of the opinion that the show cause order did not (could not) change the burden of proof, but it is sufficient to initiate the contempt proceeding. Therefore we overrule this contention on appeal.

## III.

The mother also argues that the chancellor erred when, on his own motion, he entered the order converting the criminal contempt petition to one for civil contempt. Much of the argument on this issue is devoted to the holding by this court that the lawyer representing one of the parties could not prosecute a petition for criminal contempt. Since that holding has now been reversed by the Supreme Court, *see Wilson v. Wilson*, _____ S.W.2d _____ (filed Dec. 21, 1998), this argument is moot.

Most of the balance of the argument on this issue challenges the authority of the trial judge to issue an order dismissing the criminal contempt but setting the matter for further proceedings as civil contempt. We think, however, that contempt is contempt, and what distinguishes civil from criminal contempt is the punishment imposed after the hearing. If the punishment is remedial and forward-looking, compelling the doing of something, the contempt is civil. If the judgment imposes punishment for past wrongs and is not conditioned on future conduct, the contempt is criminal. *Robinson v. Gaines*, 725 S.W.2d 692 (Tenn. Crim. App. 1986). Although the show cause order mentioned criminal contempt (as required by Rule 42, Tenn. R. Crim. Proc.) the court retained the authority to impose a lesser sanction. The proceedings are not mutually exclusive. *Black v. Black*, 362 S.W.2d 472 (Tenn. App. 1962); *Mowery v. Mowery*, 363 S.W.2d 405 (Tenn. App. 1962); *cf. Sherrod v. Wix*, 849 S.W.2d 780 (Tenn. App. 1992). We think the chancellor's action was entirely correct and in the best interests of both parties. By attempting to encourage future compliance with the court's order, the chancellor was attempting to spare the parties future litigation expenses and the attendant stress of the conflict.

Finally, the mother argues that the order was not supported by the pleadings. We note, however, that Rule 54.03, Tenn. R. Civ. Proc. allows the court to render a judgment to which the party is entitled "even if the party has not demanded such relief in the parties' pleadings." As long as the respondent is put on notice of the facts involved in the claim, the order may seek compliance rather than impose punishment.

## IV.

The final challenge to the chancellor's action concerns the construction of the prior order so as to place specific obligations on the mother. The initial order required the mother to "arrange for the minor child to make a weekly telephone call" to the father "to occur approximately at 7:00 p.m. each Sunday evening." Another

chancellor subsequently "construed, interpreted and clarified" the order to require that the mother "place the telephone call or to cause the minor child or someone for him to place the telephone call within ten (10) minutes of 7:00 p.m. each Sunday evening . . . ."

- 5 -

The mother attacks the chancellor's jurisdiction to change the prior order because the prior order was on appeal. She also asserts that changing the order without notice to her violated her rights to due process.

In our opinion, however, the chancellor's action did not amount to a change or a modification of the prior order. It was, as the chancellor indicated, merely a construction, interpretation, or clarification of the prior order. Judgments subject to construction are to be construed as other written instruments, and the determinative factor is the intention of the court as gathered from all parts of the judgment. *Branch v. Branch,* 249 S.W.2d 581 (Tenn. App. 1952). The difference between requiring the mother to "arrange" for the telephone call and requiring her to "place" the call is de minimis and well within the court's power to construe prior orders.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Williamson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:


_____
WILLIAM B. CAIN, JUDGE

_____
PATRICIA J. COTTRELL, JUDGE