IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 29, 2001 Session

## SANDI C. HUBBARD v. MYRON L. HUBBARD

**Direct Appeal from the Circuit Court for Blount County**
**No. E-17440     Hon. W. Dale Young, Circuit Judge**

FILED SEPTEMBER 26, 2001

**No. E2001-00110-COA-R3-CV**

The Trial Court granted appellee Judgement before the 30 days to answer process provided in the Rules of Civil Procedure had expired.  On appeal, we vacate and remand.


**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Vacated.**


HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.


Martha Meares and Gretchen S. Johnson, Maryville, Tennessee, for Appellant, Sandi C. Hubbard.

David M. Boyd, Maryville, Tennessee, for Appellee, Myron L. Hubbard.


**OPINION**


The parties to this action were granted a divorce on December 16, 1999.  On April 27, 2000, the attorney for the defendant filed a pleading styled "Motion" in the Circuit Court, asking *inter alia* that upon a hearing of the cause that the Court "find the plaintiff in willful contempt," and that plaintiff be punished accordingly and be required to return all property awarded to the defendant in proper form, and be required to pay the defendant any and all costs for damages to the residence. Filed along with that document was a summons reciting that the party Sandi C.  Hubbard was commanded to "answer to the Complaint herewith served upon you within thirty days after service of the Summons and Complaint upon you".  The summons was returned reflecting service on Sandi

C. Hubbard on May 5, 2000. Also accompanying the "Motion" and the summons was a notice prepared and signed by Myron L. Hubbard's counsel, purporting to give notice to Sandi C. Hubbard that she was required to appear on the 30th day of May, 2000 for a hearing on "the attached Motion". This likewise was served along with the summons and "Motion". Sandi Hubbard did not appear on May 30, and the Trial Judge granted "to Petitioner a Judgment against said Respondent" and entered an award of damages in the amount of $10,028.65 "as a result of the removal of personal property awarded to petitioner".[1]

On June 29, Sandi C. Hubbard filed a Motion to Alter or Set Aside the Judgment and/or Grant a New Trial. The Trial Court overruled that Motion on December 7, 2000, and Sandi C. Hubbard, appellant, has appealed.

Essentially, the issue on appeal is whether the appellee's post-judgment pleading containing the sworn verification of appellee, cost bond, a summons to the appellant seeking punishment for contempt and money damages was a "Motion" in the prior divorce action or a separate legal proceeding which, under the Rules of Civil Procedure, would allow appellant thirty days to answer the pleading as a complaint.

Where the operative facts are not in dispute, the scope of our review is a question of law, with no presumption of correctness of the Trial Court's decision. *Brown v. Wal-mart Discount Cities*, 12 S.W.3d 785, 787 (Tenn. 2000). The gravamen of appellee's claims was appellant's failure to relinquish property that was due appellee as a part of the property division in the divorce settlement, and for alleged damages to some of the property. Property settlements are essentially contracts between the divorcing parties and are enforced and construed as are other contracts with respect to their interpretation, meaning and effect. *Johnson v. Johnson*, 37 S.W.3d 892, 896 (Tenn. 2001). However, a property settlement merges into the final decree, thereby losing its contractual nature, and the trial court entering the decree retains jurisdiction to enforce it. *Morrissey v. Morrissey*, 377 S.W.2d 944, 946 (Tenn. 1964). But a property division adjudicated in the divorce decree is not subject to modification if there is no appeal within the time allowed by Tenn. R. App. P. 4(a).

It is the reviewing court's function to review the adequacy of pleadings to give effect to their substance, rather than to their form and terminology. *State Dept. of Human Svs. V. Defriece*, 927 S.W.2d 954, 959 (Tenn. Ct. App. 1997). The Supreme Court has stated:

> [I]f a bill contains allegations sufficient, if true, to entitle the complainant to some relief, the fact that the bill is inartfully drawn, or is misnamed by the draftsman, will not justify a motion to dismiss. In such a case, the Court judges the bill, not by its name, or want of technical precision in its frame and averments, but by its substance, and the matters of equity it sets forth. While the proper name of the bill will not

---

[1]The Judgment in the May 30th trial was entered on June 12, 2000.

> atone for defects of substance, yet proper substance will atone for a defect in the name. The name of a bill is mere matter of form, and is absolutely immaterial; and, whatever be its name, the Court will look to its allegations and prayers, and judge the bill thereby, and not by the particular name it may happen to bear.

*Paducah v. City of Johnson City*, 896 S.W.2d 767, 769 (Tenn. 1995), *citing Gibson's Suits in Chancery*, §§276, p.324 (1955).

In the instant case, the final decree was entered four months before the "Motion" for contempt in question was filed. Counsel for appellee asserts and admits that his Motion dealt with the enforcement of the final decree. He did not seek relief under Tenn. R. Civ. P. §60.02, which is the only authority under which the Court could reopen the Judgment. Although the Trial Court's Order does not specifically say "default", the attached memorandum does refer to it as a "hearing on the default and the granting of the same took place on the 30th day from the filing of the Motion . . . ". The Order also references the petition of the petitioner, and it awards "money judgment" on the default. Appellee's "Motion" avers that the appellant had intentionally damaged the residence and other property awarded to appellee, and these allegations raised completely new and different facts that did not exist at the time of the decree. Appellee stated a distinct cause of action[2] in which he sought judgment, i.e., damages to his property and punishment for violation of the Court's Judgment. *See Pile v. Pile*, 183 S.W. 1004 (Tenn. 1916); *Hicks v. Hicks*, 176 S.W.2d 371 (Tenn. 1943). The proper remedy for violation of a court order is a petition for contempt of court, and a civil contempt action is the appropriate remedy to enforce the terms of a final judgment, such as a party's failure to abide by the terms of the property settlement. *Cannon v. Cannon*, 241 S.W.2d 435, 438 (Tenn. Ct. App. 1951), *cert. denied.*

This Court has addressed the issue of whether contempt proceedings[3] are independent actions collateral to the cases or proceedings from which they arise. In *Poff v. Poff*, 1993 WL 73897, No. 01-A-01-9301-CV00024 (Tenn. Ct. App., Mar. 17, 1993), Judge Koch said:

> We find the majority rule accurately reflects Tennessee Law. Contempt proceedings commenced after the entry of an otherwise final order in the underlying case should

---

[2]"*Cause of Action*: The fact or facts which give a person a right to judicial redress or relief against another. The legal effect of an occurrence in terms of redress to a party to the occurrence. A situation or state of facts which would entitle party to sustain action and give him right to seek a judicial remedy in his behalf." *Black's Law Dictionary*, 6th Ed. (West 1990) at p. 221.

[3]"*Contempt Proceeding*: The judicial hearing or trial conducted to determine whether one has been in contempt of court and to make an appropriate disposition. Such proceedings are *sui generis* and not necessarily connected to or identified with the proceeding out of which the contempt arose." *Black's Law Dictionary*, 6th Ed. (West 1990), at p. 319.

be viewed as independent proceedings. Accordingly, they are not part of the subject matter of the underlying case and are not among the issues that must be resolved before an otherwise final order in the underlying case will be considered final for the purposes of Tenn. R. App. P. 3(a). To hold otherwise would permit the party prevailing in the underlying proceeding to frustrate an appeal indefinitely by forestalling the entry of a final order with a series of contempt petitioners.

*Id.* at *2.

We hold that although appellee's pleading is styled as a "motion", it in fact constituted a new cause of action seeking monetary damages as well as punishment for contempt, which entitled appellant to the full thirty days to answer the action under the Rules of Procedure, and the Trial Court, in entering a Judgment against her prior to the expiration of the thirty days within which to answer, acted impermissibly under the Rules.

Accordingly, we vacate the Judgment and remand for further proceedings consistent with this Opinion. The cost of the appeal is assessed to Myron L. Hubbard.

_____
HERSCHEL PICKENS FRANKS, J.