EDMONIA ELIZABETH MOWERY v. GLEN ELMER MOWERY.—363 S. W. (2d) 405.

Eastern Section. June 26, 1962.

Certiorari Denied by Supreme Court November 9, 1962.

L. B. Mason, Athens, for appellant.

Stuart & Hyberger, Cleveland, for appellee.

COOPER, J. This is an appeal by Glen Elmer Mowery from an adverse decree in a contempt proceeding.

Edmonia Elizabeth Mowery obtained a decree of absolute divorce from respondent Glen Elmer Mowery on May 8, 1959, and was awarded the exclusive custody of one of the minor children of the parties. No award of

custody was made as to the other three minor children inasmuch as they were more than 14 years of age. The decree of divorce provided, among other things, that the respondent was to pay $300.00 per month for the support of the minor children, a fee of $500.00 for petitioner's attorneys, and was to continue to make the installment payments on real and personal property awarded Mrs. Mowery, and real property awarded the minor children, as they became due.

On December 29, 1958, Mrs. Mowery filed a petition for contempt for failure to make the payments provided in the decree. A second, or supplemental, petition for contempt for non-payment of child support and the installment payments was filed on September 5, 1959. These petitions were heard by the court on January 2nd, 1961, and a decree was entered adjudging respondent to be guilty of willful and deliberate contempt of court, and ordering him committed to the Bradley County jail until he purged himself of his contempt by making "a settlement, approved by the Court, of the arrears in payments ordered by the Court."

On January 9, 1961, the respondent represented to the Court that he had filed a claim with his insurance company for a fire loss in excess of $10,000, and agreed to pay the recovery to the Clerk of the Court to be disbursed:

(1) $4000 to Mrs. Mowery, in full settlement to date;

(2) all costs of the cause;

(3) a fee of $150.00 to Mrs. Mowery's attorneys;

(4) the Clerk's fees; and

(5) the remainder to the respondent.

This agreement was embodied in an order of the Court, and the respondent was released from custody. In addition to the payment of the fire insurance proceeds into the registry of the Court, the Court also ordered that the respondent continue to make weekly payments to the Clerk of the Court for the support of the children of the parties.

On August 26, 1961, Mrs. Mowery filed a contempt petition alleging that the respondent had received the proceeds of the fire loss claim, but had failed and refused to pay them into the Registry of the Court in compliance with his agreement and the order of the Court, but was using the funds as he desired; and further, that the respondent had wilfully failed to make the weekly child support payments as ordered by the Court in the decree of January 9, 1961.

The respondent filed an answer admitting that he had received the proceeds from the fire loss claim, and alleging that he was forced to use part of the proceeds to make payments to his creditors, or go out of business; and, that after making the payments to creditors, he was able to pay only the sum of $2000.00 into the registry of the Court. The respondent further alleged that his income had been inadequate, since the entry of the order of January 9, 1961, to make the weekly child support payments. The respondent also alleged that he did not have the present ability to pay either the moneys due on the agreement, or payments of child support.

After hearing proof, the trial court found that the respondent received $9000.00 in settlement of his fire loss claim; that the respondent did not comply with his agreement and the order of the Court by paying the proceeds

of the settlement into the Court, but spent the money otherwise. The Court then adjudged the respondent to be in willful and deliberate contempt of court and ordered that he be "committed to the Bradley County jail until the order of January 9, 1961 is satisfied, and the arrears accrued since that date are paid."

The trial court made no finding that the defendant had the present ability to pay the arrearage in the belief, as shown by his memorandum, that such a finding was not necessary where the respondent's inability, if any, was voluntarily and contumaciously brought on himself.

The respondent has appealed and is at liberty, under bond, pending disposition of the appeal.

■ In his first two assignments of error, the respond- ent insists that the evidence preponderates against the Court's finding that he was in willful and deliberate con- tempt of court; that in view of his financial condition, "the $2000.00 payment by him was all that he was financially able to make, or could have been reasonably expected to make". We find no merit in this insistence. The record reveals that when the respondent received the proceeds from the settlement of his fire loss claim, he failed and refused to pay the proceeds into the registry of the Court as required by the order of January 9, 1961, but admittedly used the money as he pleased. It was only after he had been attached on a petition for contempt that he made any payment into the court, and then he paid only $2000.00, which he stated were all the funds remain- ing from the settlement.

As pointed out in Bradshaw v. Bradshaw, 23 Tenn. App. 359, 362, 133 S. W. (2d) 617, 619:

" 'Where an alleged contemner, * * *, has voluntarily and contumaciously brought on himself disability to obey an order or decree, he cannot avail himself of a plea of inability to obey as a defense to a charge of contempt.' 12 Am. Jur., 439, sec. 73; Clark v. Clark, 152 Tenn. 431, 278 S. W. 65; Brown v. Brown, 156 Tenn. 619, 4 S. W. (2d) 345.'' See also 9 A. L. R. 265; 22 A. L. R. 1260; 31 A. L. R. 650; 40 A. L. R. 546; 76 A. L. R. 392; 120 A. L. R. 705.

It is also insisted by the respondent that he should not be held in contempt of court for failing to make weekly payments of child support after January, 1961, as the proof showed that his income was inadequate, averaging only $25.00 to $40.00 per week.

Conceding for the purpose of this opinion that the respondent was not at all times able to pay the whole of the weekly allowance of child support, he should have applied to the Court for a reduction in the amount. Instead of doing so, he absolutely disregarded the order of the Court, and made no attempt to pay anything, and is therefore guilty of contempt.

"Where he neglects to apply for a modification of the decree in spite of the fact that sufficient cause exists to warrant an alteration thereof, the mere existence of such grounds is not available as a defense to proceedings for contempt.'' Bradshaw v. Bradshaw, supra, p. 362, and cases there cited.

These assignments are overruled.

The respondent next insists that the decree of the Court is void because it makes no specific finding that the defendant was able to comply with the order of

January 9, 1961, and wilfully refused to do so. This identical question was considered by our Supreme Court in the recent case of Leonard v. Leonard, 207 Tenn. 609, 616, 341 S. W. (2d) 740, and the Court held that while it is the better practice for the trial court to determine whether or not there was an ability to comply with the decree and so state in the face of the decree adjudging the respondent in contempt, the failure to do so would not render the decree void where the ground of jurisdiction otherwise appears in the record.

Assignment overruled.

Finally, the respondent insists that it was error for the trial court to commit him to jail "until the order of January 9, 1961 is satisfied, and the arrears accrued since that date are paid" as the record affirmatively shows that he does not have the present ability to perform. As pointed out above, the trial court did not consider the issue of respondent's present ability to pay in the belief that such a finding was not necessary where the respondent's inability, if any, was voluntarily and contumaciously brought on himself.

T. C. A. sec. 23-904 provides that:

"If the contempt consists in an omission to perform an act *which it is yet in the power of the person* to perform, he may be imprisoned until he performs it." (emphasis supplied)

If the respondent is able to perform in part, he may be committed also until he performs to that extent. Gossett v. Gossett, 34 Tenn. App. 654, 241 S. W. (2d) 934.

In Cash v. Quenichett, 52 Tenn. 737, 741, the Court said:

"The resort to this extreme remedy under this section presupposes the exercise of a sound judicial discretion upon the question whether or not the act ordered to be performed is in fact within the party's power of performance. For if it be not, the power of imprisonment under the laws does not exist."

The Court in Leonard v. Leonard, supra, 207 Tenn. at p. 616, 341 S. W. (2d) at p. 743, stated:

"In the type of case as now before us the burden of proof is on the man to show his inability to pay. Clark v. Clark, 152 Tenn. 431, 278 S. W. 65. When the defendant testifies under oath that he is without financial ability to conform, an adjudiciation that he has the ability to pay must rest upon convincing evidence so that the trier of facts may exercise his sound judicial descretion thereon. Of course, if it appears that defendant is being contumacious, or is flouting the court in his acts, and even then if he does not have the ability to pay, it is within the authority of the court under Section 23-903, T. C. A., to fine the defendant $50 and impose a jail sentence on him not to exceed ten days for failure to comply with the decree of the payment of alimony installments, but, as hereinbefore said, in order to commit him to jail under this Section (23-904, T. C. A.), to compel the performance of the alimony decree, present ability to perform must have been adjudged to exist." See also Gossett v. Gossett, supra, and cases there cited.

In summary, under T. C. A. sec. 23-903 punishment is for criminal contumacy in resisting the established authority of the Court, and there is no necessity that the

respondent possess a present ability to perform. T. C. A. sec. 23-904 confers upon the courts essential powers of coercion to enable them to enforce their judgments and decrees, and, where commitment is under its authority, it must be within the power of the respondent to perform the decree of the Court.

Proceedings under the two code sections are not in our opinion mutually exclusive. Black v. Black, 1962, Tenn. App., 362 S. W. (2d) 472, certiorari denied November 9, 1962.

In the present case there is some evidence in the record which indicates that the respondent has the present ability to perform the decree of the court, at least in part. However, the issue was not fully explored in view of the mistaken belief that such a finding was not necessary to the court's authority where the commitment was under T. C. A. sec. 23-904. We are of the opinion that the evidence, as it now stands, is insufficient to support an adjudication by us that the respondent has the present ability to perform. This leaves us with two alternatives: (1) to modify the decree of the trial court and impose the maximum punishment permitted under T. C. A. sec. 23-903, which is a $50.00 fine and 10 days imprisonment, for criminal contumacy in resisting the established authority of the court; or (2) to remand the cause for the taking of additional proof on the issue of the respondent's present ability to comply with the decree of the trial court, and for the infliction of punishment in accordance with the above authorities and the findings of the trial court. T. C. A. sec. 27-329.

We believe the remand of the cause and the taking of additional proof will enable the court to come to a more

satisfactory conclusion, and will more nearly effectuate the ultimate purpose of the trial court's decree—to compel the respondent to support complainant and their children.

Accordingly, the cause is remanded for the taking of additional proof on the issue of respondent's present ability to pay. Costs of the appeal are adjudged against the respondent and his surety.

McAmis, P. J., and J. H. Doughty, Special Judge, concur.