Rev. Dr. Isaac RICHMOND,
Petitioner-Appellee,

v.

Eugene BARKSDALE, Sheriff, and Kenneth Turner, Judge of the Juvenile Court of Memphis and Shelby County, Tennessee, Respondents-Appellants.

Court of Appeals of Tennessee,
Western Section, at Jackson.

Dec. 14, 1984.

Rehearing Denied Jan. 16, 1985.

Application for Permission to Appeal
Denied by Supreme Court
April 1, 1985.

William E. Shepard of Memphis Area Legal Services, Inc., Memphis, for petitioner-appellee.

Harold W. Horne, Asst. Atty. Gen., Memphis, for respondents-appellants.

TOMLIN, Judge.

The sheriff of Shelby County appeals from an order granting plaintiff's petition

for a writ of habeas corpus. Petitioner filed his petition after having been found in contempt of court by the juvenile court for failure to pay delinquent child support. He had been ordered to jail until he purged himself of contempt. Following a hearing, Judge James Sweargen, Shelby County Circuit Court, granted the writ, holding that the imprisonment was unconstitutional because of defects in the mittimus. The single issue before us is whether or not this action of the circuit court was proper. We hold that it was not and reverse.

The facts are not in dispute. It appears the petitioner was cited for contempt of court in the juvenile court after he had fallen behind in his child support payments. He was found guilty of contempt for failing to pay $1,200 in delinquent child support. That court directed that he be imprisoned and issued a mittimus to accomplish that purpose. The mittimus issued was a printed form with blanks to be checked and/or filled in to indicate the charges, the result of the hearing on the charges, and the directions given to both the sheriff and the clerk of the court.

Following his confinement, petitioner filed this petition in the circuit court. While the petition for the writ of habeas corpus does allege in a single paragraph that the commitment papers by which he was confined were "faulty", the bulk of the petition is given over to allegations that, (1) he failed to pay child support because of his inability and lack of funds, (2) that he was held in contempt of court without the existence of credible, competent proof, (3) that the purge payment ordered was excessive and beyond his ability, thus depriving him of his constitutional rights, (4) that the order of confinement in this case was arbitrary treatment on the part of the juvenile court, and (5) that certain findings of the juvenile court were without merit. There is no proof in the record to indicate whether or not petitioner prayed a direct appeal from the finding of the juvenile court holding him in contempt.

The mittimus, as completed by the juvenile court judge, is directed to the defendant and states that the petitioner had been brought before the court on a charge of failure to pay support pursuant to Tennessee Code Annotated § 36–835, and that he had been found guilty of contempt. The mittimus then directed the sheriff as follows: "You are hereby commanded to take the body of said person and the same safely keep in the County Jail" for an indefinite period. The mittimus further stated that "[t]he Clerk of this Court is authorized to direct the release of said person: ... upon payment by him or in his behalf the sum of $1200.00." As previously noted, this document reflects that it issued from the Juvenile Court of Memphis and Shelby County.

While the order granting the writ of habeas corpus stated no reasons, other than that "it appears to the Court that the Petitioner is being unlawfully restrained of his liberty," the transcript of the court's ruling reveals the reasons for his actions.

THE COURT: Well, I am of the opinion that the order part of this mittimus to incarcerate this man for an indefinite period of time, if it said for an indefinite period of time or until he pays a certain amount, then that would be fine, but it directs the keeper of the County Jail to hold him for an indefinite period of time. Farther down, it says that the Clerk may also direct his release when he pays twelve hundred dollars, but it doesn't direct the Sheriff to do anything at any time except to hold him for an indefinite period of time, and I just think that that is an illegal incarceration, and for that reason I am going to order his immediate release.

In *Leonard v. Leonard*, 207 Tenn. 609, 341 S.W.2d 740 (1960), our Supreme Court specifically held that when one is cited for contempt for failure to pay alimony:

[T]he order cannot be attacked by the bringing of a *habeas corpus* proceeding based on the inability to comply with the order because the remedy here, where there is a holding of contempt, is by an appeal. State ex rel. *Wright v. Upchurch*, 194 Tenn. 657, 254 S.W.2d 748. Thus on the appeal there is the record

which shows the facts and they are fully set forth upon which the contempt order is based. This would not be true in a petition for *habeas corpus.*

*Id.,* 341 S.W.2d at 742.

■ Although *Leonard* involved delinquent alimony, the same principles would apply to a case as the one *sub judice* which deals with delinquent child support. The great majority of the grounds set forth by the petitioner in his petition go to the merits and deal with the same type of issues presented in *Leonard.* Therefore, petitioner cannot by a habeas corpus proceeding challenge his imprisonment for contempt based upon his inability to pay or upon other grounds which depend upon the presentation of substantive proof, pro or con.

Ignoring these more difficult problems, the trial judge chose to find fault with the juvenile court's mittimus in that the sheriff was directed to hold petitioner for an indefinite period of time, to be released upon the payment of $1200. He did not find that the juvenile court lacked jurisdiction to find the petitioner in contempt, nor did he rule the judgment of the juvenile court holding petitioner in contempt to be void.

The propriety of a petition for a writ of habeas corpus involving circumstances as in the case *sub judice* was reviewed by our Supreme Court in *State ex rel. Anglin v. Mitchell,* 575 S.W.2d 284 (Tenn.1979):

> Since only a void judgment may be attacked by the remedy of habeas corpus, the question presented is always one of jurisdiction, that is, whether the order, judgment or process under attack comes within the lawful authority of the court or judge rendering or issuing it. (citations omitted) As held by the Court of Appeals in this case, the writ does not lie to correct mere errors and irregularities committed by a court that is acting within its jurisdiction, that is, errors which fall short of depriving the court of jurisdiction. *State ex rel. Holbrook v. Bomar, supra,* [211 Tenn. 243, 364 S.W.2d 887 (1963)]. Only those defects which are recognized as rendering absolutely void the proceedings whereby the peti-

tioner is imprisoned may be reached by habeas corpus. *State ex rel. Reed v. Heer,* 218 Tenn. 338, 403 S.W.2d 310 (1966); *State ex rel. Newsom v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186 (1968). The writ reaches jurisdictional error only; it is not available to serve the purpose of an appeal or writ of error.

*Id.* at 287.

■ When one considers the opinion of the trial judge, it is clear that he finds this mittimus to be "defective" on the ground that the period of time the sheriff is directed to hold the petitioner is "indefinite." Inasmuch as we must conclude that the juvenile court was acting within its jurisdiction, our only responsibility is to determine whether any errors were committed by the juvenile court in the issuance of the mittimus, and if so, were these errors of such a substantial nature as to render the entire proceeding void, thus depriving the court of its jurisdiction. *Anglin, supra* states: "A court's jurisdiction at the beginning of a trial may be lost in the course of the proceedings due to its failure to afford the defendant due process of law." 575 S.W.2d at 287.

The problem with the case before us is that the petitioner is attacking the mittimus rather than the judgment. A mittimus is similar to an execution after judgment in a civil case. It is the means by which the judgment of the court is carried out. It was the judgment of the juvenile court that found the petitioner guilty of contempt, and it was the judgment of the juvenile court that ordered that he be committed to the Shelby County Jail. The purpose of the mittimus is to tell the sheriff, who was not a party to the suit that produced the judgment, who he is to take into custody, why he is to take him, where he is to take him, and for how long.

■ Not only does the petitioner fail to attack the judgment, he also did not put into the record a certified copy of the judgment of contempt. That being so, the trial court should, and this Court will, presume that the judgment of contempt is proper in

content, substance, and form. Since the mittimus is a ministerial order, an error in the mittimus that is contrary to the judgment should not vitiate the judgment—i.e., the order of confinement.

Having held that the office of petition for a writ of habeas corpus cannot serve as a substitute for an appeal, we also hold that the trial court was in error in holding that there was an error in the mittimus and that that alleged error justified the release of the petitioner. For these reasons, the judgment of the trial court is reversed, and the petition for writ of habeas corpus is dismissed. Upon this judgment becoming final, the Juvenile Court of Shelby County shall be free to enforce its judgment. Costs in this cause are taxed to the petitioner, for which execution may issue, if necessary.

CRAWFORD and HIGHERS, JJ., concur.