IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT NASHVILLE

SHELLEY SUE STEVENSON,  ) From the Davidson County Circuit Court
                        ) at Nashville, Tennessee
    Plaintiff/Appellee,  )
                        ) Honorable Muriel J. Robinson, Judge
VS.                     )
                        ) Davidson Circuit No. 93D-3651
MICHAEL KINGSTON STEVENSON,  ) Appeal No. 01A01-9701-CV-00032
                        )
    Defendant/Appellant.  ) **REVERSED IN PART, AFFIRMED IN PART**
                        ) **AND REMANDED**
                        )
                        ) Louise R. Fontecchio
                        ) Nashville, Tennessee
                        ) Attorney for Appellant
                        )
                        ) Mike W. Binkley
                        ) Nashville, Tennessee
                        ) Attorney for Appellee

**FILED**

**January 28, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

## MEMORANDUM OPINION[1]

*FARMER, J.*

Shelley Sue Stevenson (Wife) and Michael Kingston Stevenson (Husband) were divorced by final decree entered on November 18, 1994. Wife was awarded custody of the parties' two minor children, alimony *in futuro* and child support. Husband was also ordered to pay the uncovered medical expenses of the Wife. Husband appealed to this court and we remanded the case to further develop the basis of the trial court's award of child support with regard to the child support guidelines. During the pendency of the appeal, the trial court found Husband in civil contempt for failure to pay alimony. Husband subsequently filed a petition to change custody and a motion to modify alimony and Wife filed a second petition for contempt against Husband. The trial court denied Husband's petitions to change custody and to reduce alimony, but did find Husband in civil contempt a second time for continued nonpayment of alimony. Pursuant to remand from this Court, the trial court determined Husband's earning capacity at $62,000 annually and established his obligation for child support at $800 per month and his obligation of alimony *in futuro* at $700 a month. On appeal, Husband challenges each of the findings of the trial court, including the finding

---

[1] Rule 10 (Court of Appeals). Memorandum Opinion. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

of contempt and the award of medical expenses. Wife requests her attorney fees on appeal. We reverse the trial court on the issue of contempt, but affirm its decision on all other issues and remand for determination of Wife's attorney fees.

The facts of this case are complicated, made further complex by the prior appeal to this court. This court has expounded upon the facts of this case in Stevenson v. Stevenson, No. 01A01-9506-CV-00230, 1995 WL 681179 (Tenn. App. Nov. 17, 1995) and for the sake of judicial economy will only further relate such facts as are relevant to this second appeal.

At the original divorce hearing, the proof established that Husband worked in the family business, which involved the management of several properties. He testified that he resides rent free with the family and is provided transportation and $200 a week for maintaining the various family properties. It is not disputed that Husband's family makes his child support payments and paid his legal and expert fees in this matter. However, throughout both trials and both appeals, Husband has refused to pay his other obligations. As a result, the trial court held Husband in contempt on August 31, 1995 for failure to pay alimony, a $7,700 arrearage, and failure to pay past due insurance premiums ($342) for Wife. The trial court sentenced Husband to jail for civil contempt, but allowed him to purge himself by payment of the current month's alimony and the past due insurance premiums, i.e., $1,042, because the arrearage was subject to change on appeal. In that first appeal, we affirmed the trial court's calculation of Husband's arrearage of alimony.

In May 1996, Wife filed a second petition for contempt alleging that Husband had refused to pay any of his prior alimony obligation ($7,700), and had refused to pay his current alimony obligation ($6,300). The trial court set a hearing for all pending matters for June 24, 1996. The Husband, through offer of proof, put on evidence of several experts regarding his earning capacity. Husband alleged that his earning capacity could not support the trial court's awards of alimony and child support. Husband contended that the proof established his earning capacity at no more than $25,000.

After hearing all the evidence, the trial court held that Husband's current circumstances were exactly the same as they were at the final hearing of divorce and as they were at the August 31, 1995 contempt hearing. In setting child support pursuant to the remand from the first appeal, the trial court found Husband's earning capacity to be $62,000. The trial court expressly found that Husband was not a credible witness, that he remained under-employed, that he was in full control of his ability

2

to earn income and that he had funds available to him from other sources.

## I. Change of Custody

Our review of the factual findings of the trial court in a child custody case are *de novo* with a presumption of correctness, unless the preponderance of the evidence requires otherwise. Rule 13(d) T.R.A.P.; Hass v. Knighton, 676 S.W.2d 554, 555 (Tenn. 1984). The law regarding modification of custody is well-established that there must be a material change of circumstances in the time period since the initial award of custody in order to warrant a change of custody. Musselman v. Acuff, 826 S.W.2d 920, 922 (Tenn. Ct. App. 1991). The trial judge was well aware of this standard and we do not find the evidence preponderates against her finding with regard to custody.

## II. Modification of Alimony

Our review of the trial court's decision regarding whether to modify alimony is also *de novo* with a presumption of correctness, unless the preponderance of the evidence requires otherwise. Jones v. Jones, 784 S.W.2d 349, 352 (Tenn. Ct. App. 1989). In similar fashion to our analysis for modification of custody, our legislature has decreed that a modification of alimony also requires "a substantial and material change of circumstances". Tenn. Code Ann. § 36-5-101(a)(1) (1996 & Supp. 1997). The party seeking the change has the burden of proving the material change of circumstances. Elliot v. Elliot, 825 S.W.2d 87, 90 (Tenn. Ct. App. 1991).

Furthermore, the "[c]hanges in circumstances are not material if such changes were contemplated by the parties at the time they entered into the alimony and support agreement." Seal v. Seal, 802 S.W.2d 617, 620 (Tenn. Ct. App. 1990). That is, the "change in circumstances must have occurred since the original award." Brewer v. Brewer, 869 S.W.2d 928, 935 (Tenn. Ct. App. 1993).

The trial court, in the case before us, specifically found that Husband's circumstances were essentially unchanged even from the date of the original divorce decree, some twenty months later. The Husband remains willfully underemployed and we find no evidence in the record which indicates a material change of circumstances sufficient to find the trial court in error. Without a change of circumstances, Husband is simply reasserting the arguments presented in the original hearing which have been fully litigated. Therefore, we find the Husband's issue without merit and

affirm the decision of the trial court.

### III. Child Support

The applicable statute regarding modification of child support is Tenn. Code Ann. § 36-5-101(a)(1), which reads in pertinent part:

> In cases involving child support, upon application of either party, the court shall decree an increase or decrease of such allowance when there is found to be a significant variance, as defined in the child support guidelines established by subsection (e), between the guidelines and the amount of support currently ordered unless the variance has resulted from a previously court-ordered deviation from the guidelines and the circumstances which caused the deviation have not changed.
> Tenn. Code Ann. § 36-5-101(a)(1) (1996 & Supp. 1997).

In the first trial, the trial court made findings regarding the relative earning capacities of the parties. Although Husband worked for his family and only earned $800 per month in salary, there was proof in the record that his skills and abilities were such that his earning capacity was between $49,000 and $97,000. The trial court deviated from the child support guidelines by awarding Wife less than the amount allowed by the guidelines, but this deviation was due to its award of $700 per month in alimony to Wife.

Even though this award of child support was based on earning capacity rather than actual earnings, such a basis is proper. See Garfinkel v. Garfinkel, 945 S.W.2d 744, 747-48 (Tenn. Ct. App. 1996). Therefore, since we have a court-ordered deviation, the issue becomes whether there has been a change in the circumstances which caused the deviation. Husband cites the fact that he no longer has access to the amounts of cash that he once had access to as being a sufficient change of circumstances to justify a modification of child support. However, Husband's lack of access to his family's resources does not diminish his earning capacity, only his income.

The trial court found that Husband was willfully underemployed because he chose to work for his family rather than on the open market. This court has said that "if there is a finding of willful or voluntary underemployment, the court should set child support based on a finding of earning potential." Herrera v. Herrera, 944 S.W.2d 379, 387 (Tenn. Ct. App. 1996). Therefore, we find Husband's third issue to be without merit and affirm the trial court's decision.

### IV. Contempt

4

"The matter of determining and dealing with contempt is within the court's sound discretion." Robinson v. Air Draulics Eng'g Co., 214 Tenn 30, 37, 377 S.W.2d 908, 912 (Tenn. 1964). As such, the trial court's "determination is final unless there is plain abuse of discretion." Id. Our review of the case law regarding the issue of incarceration for contempt convinces us that there can be no imprisonment for civil contempt without a finding that the contemnor has the ability to comply with the required order. See Leonard v. Leonard, 341 S.W.2d 740, 743-44 (Tenn. 1960), Going v. Going, 256 S.W. 890, 899 (Tenn. 1923), State ex rel. Moore v. Owens, 1990 WL 8624 (Tenn. Ct. App. 1990). The contemnor cannot be forced to borrow the funds, nor can his family be forced to satisfy his duty. Netherton v. Netherton, 1993 WL 49556 (Tenn. Ct. App. 1993).

In the case before us, there was no finding that Husband had the ability to purge himself of the $23,700 obligation of alimony and attorney fees. Despite the fact that Husband's father immediately paid the required amount and thereby purged Husband of contempt, we find that the trial court's sentence of incarceration for Husband for civil contempt was in error. We therefore reverse the finding of the trial court on the issue of contempt.

### V. Attorney Fees

Wife contends that the Husband's appeal of the trial court's decision regarding custody and alimony was frivolous. In view of the fact that we have reversed the finding of contempt, we do not find this appeal to be frivolous. However, we do find that Wife is entitled to her attorney's fees incurred on appeal. As this Court said in Sherrod v. Wix, 849 S.W.2d at 785 (Tenn. App. 1992) while ability to pay is certainly a factor to be considered, the purpose of an award of attorney's fees in custody or support proceedings is to protect the children's legal remedies, not those of the custodial parents. Requiring parents who precipitate custody or support proceedings to underwrite the cost of their claims or the cost if their claims are ultimately found to be unwarranted is appropriate as a matter of policy.

It results that the judgment of the trial court's finding Husband in contempt is reversed and the judgment of the trial court is in all other respects affirmed. This cause is remanded to the trial court for a hearing to determine Wife's reasonable attorney's fees incurred on appeal. Costs of this appeal are taxed to the Husband, for which execution may issue if necessary.

5

_____

FARMER, J.

CONCUR:

_____

LILLARD, J.

_____

LEWIS, J.

6