IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
SEPTEMBER SESSION, 1997

FILED

October 1, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JOE SEIGLE, | ) | |
| | ) | No. 03C01-9610-CR-00364 |
| Appellant | ) | |
| | ) | |
| vs. | ) | SULLIVAN COUNTY |
| | ) | |
| | ) | Hon. Frank L. Slaughter, Judge |
| OSCAR MASON, Tennessee | ) | |
| Department of Corrections, | ) | (Writ of Habeas Corpus) |
| DOUG CLUCK, Tennessee | ) | |
| Board of Paroles, and | ) | |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee | ) | |

For the Appellant:

**Thomas R. Bandy, III**
P. O. Box 1127
Kingsport, TN 37662

For the Appellee:

**Charles W. Burson**
Attorney General and Reporter

**Timothy F. Behan**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**H. Greeley Wells, Jr.**
District Attorney General

**Robert M. Montgomery**
Asst. District Attorney General
Blountville  TN  37617

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**O P I N I O N**

The appellant, Joe Seigle, appeals the trial court's dismissal of his petition for writ of habeas corpus. On May 10, 1993, the appellant pled guilty in the Sullivan County Criminal Court to one count of passing a worthless check in excess of $60,000, a class B felony. The length and manner of service of the sentence were to be determined by the trial court. The trial court imposed a ten year sentence in the Department of Correction. On the date of the sentencing hearing, the appellant was in federal custody serving a five year sentence. The record indicates that the appellant had additional federal charges pending. The appellant is currently confined at the federal correctional facility in Lexington, Kentucky.

At the sentencing hearing, the prosecutor argued that the state and federal sentences should run consecutive and noted that, if the judgment of conviction was silent on this issue, under the rules of criminal procedure, the sentences would be consecutive. We find this to be a correct statement of law. See Rule 32(c)(2), Tenn. R. Crim. P. Appellant's trial counsel argued against the imposition of consecutive sentences. The judgment of conviction entered by the trial court makes no reference to the appellant's federal conviction. The appellant has received notice that the Tennessee Department of Correction considers his state and federal sentences to be consecutive. On April 1, 1996, the appellant, proceeding *pro se*, filed the instant petition for writ of habeas corpus. On July 11, 1996, the trial court dismissed the petition. After a review, we affirm. Although the appellant fails to articulate the issue which we are to review, as required by Tenn. R. App. P. 27(a)(4), we conclude from his brief that he seeks review of the sentencing court's decision which resulted in the

imposition of consecutive sentences.[1]

Writs of habeas corpus will issue only in the case of a void judgment or to free a prisoner held in custody after his term of imprisonment has expired. Const. Art. 1 § 15; Tenn. Code Ann. § 29-21-101 *et seq.* (1980); See Potts v. State, 833 S.W.2d 60 (Tenn. 1992); See also Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). The appellant's petition does not allege either of these grounds for relief.[2] Second, the appellant is currently in federal custody; therefore, he does not have standing to petition for habeas corpus relief and will not as long as he remains incarcerated at the federal penitentiary. See Tenn. Code Ann. § 29-21-102; Taylor v. Morgan, 909 S.W.2d 17, 20 (Tenn. Crim. App. 1995). Finally, as we initially noted, the appellant, in effect, seeks relief from the judgment of conviction entered by the trial court. Thus, the appellant attempts to utilize habeas corpus procedure as a vehicle for direct appeal. A petition for habeas corpus relief is an inappropriate procedure in which to review potential errors of a trial court. Richmond v. Barksdale, 688 S.W.2d 86, 88 (Tenn.Ct. App. 1984) (quoting State ex rel. Anglin v. Mitchell, 575 S.W.2d 284 (Tenn. 1979)).

For the foregoing reasons, we affirm the trial court's dismissal of the appellant's petition for writ of habeas corpus.

---

[1]The appellant's brief argues, "In order to sustain the Defendant's position, the Court will have to interpret the statement of Judge Witt as evidencing an intent to run the sentences concurrently."

[2]Moreover, we note that the appellant filed this appeal more than thirty days after the judgment had been entered in violation of Tenn. R. App. P 4(a). However, in the interests of justice, we waive jurisdiction on the filing of the notice of appeal. Tenn. R. App. P. 4(a).

_____
                    DAVID G. HAYES, Judge


CONCUR:


_____
JOHN H. PEAY, Judge


_____
WILLIAM M. BARKER, Judge