# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### MAY SESSION, 1998

FILED

June 9, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| JAMES YATES, | ) | |
| | ) | No. 01C01-9707-CC-00299 |
| Appellant | ) | |
| | ) | HICKMAN COUNTY |
| vs. | ) | |
| | ) | Hon. DONAL P. HARRIS, Judge |
| DON SUNDQUIST, Governor of, | ) | |
| the State of Tennessee, | ) | (Writ of Habeas Corpus) |
| DONAL CAMPBELL, | ) | |
| Commissioner of the | ) | |
| Tennessee Department of | ) | |
| Correction, DAVID MILLS, | ) | |
| Warden of the Tennessee | ) | |
| State Prison for Men, | ) | |
| CHARLES TRAUGHBER, | ) | |
| Chairman of the Tennessee | ) | |
| Board of Paroles, THE | ) | |
| TENNESSEE  SENTENCING | ) | |
| COMMISSION, in their | ) | |
| individual and official | ) | |
| capacities, | ) | |
| | | |
| Appellees | | |

**For the Appellant:**

**Trippe Steven Fried**
King, Turnbow & Brisby
203 Third Avenue South
Franklin, TN  37064

**For the Appellees:**

**John Knox Walkup**
Attorney General and Reporter

**Daryl J. Brand**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**Joseph D. Baugh**
District Attorney General
P. O. Box 937
Franklin, TN  37065-0937

OPINION FILED: _____

AFFIRMED

**David G. Hayes**

Judge

**OPINION**

The appellant, James Yates, appeals the summary dismissal of his *pro se* application for writ of habeas corpus. The appellant is currently incarcerated in the Turney Center correctional facility in Hickman County, where he is serving concurrent sentences of life imprisonment and nine years for his convictions for open rebellion with the intent to kill and aggravated assault upon a corrections officer. These convictions occurred in July, 1985, while the appellant was confined as an inmate in the Ft. Pillow correctional facility in Lauderdale County.[1]

The appellant's petition for writ of habeas corpus challenges both his conviction and resulting sentence for the crime of open rebellion based upon the following grounds: (1) his confinement constitutes <u>ex post facto</u> punishment; (2) his sentence is violative of equal protection; (3) incarceration has denied him due process of law; and (4) his sentence constitutes cruel and unusual punishment. On June 23, 1997, the trial court, without conducting a hearing, entered a "Memorandum" and Order dismissing the appellant's petition. The appellant appeals this ruling.

**BACKGROUND**

On July 11, 1985, a state of open rebellion, instigated by the appellant and two other inmates, existed at the Ft. Pillow State Prison in Lauderdale County. During the confrontation and melee between inmates and correctional officers, three officers were severely injured. The disturbance was eventually quashed by the prison's TACT team. It was later determined that the appellant was a leader in the prison riot and participated in the assaults. The appellant was subsequently convicted by a jury of open rebellion, aggravated assault, and simple assault. These convictions and sentences were affirmed by this court on direct appeal. See <u>State v. Willis</u>, C.C.A. No. 3, (Tenn. Crim.

---

[1] The appellant's incarceration in Lauderdale County stemmed from Shelby County convictions.

2

App., at Jackson, Jan. 21, 1987), <u>perm. to appeal denied</u>, (Tenn., 1987).

## ANALYSIS

The appellant argues that, under the current criminal code, which became effective in 1989, "the term of the sentence applied to Open Rebellion [in 1985] was significantly reduced from life imprisonment to an 8 to 30 year period of incarceration." Thus, he contends that the disparate punishment in the two criminal codes violates his right of equal protection, imposes cruel and inhuman punishment, violates due process and constitutes *ex post facto* punishment.

The appellant asserts that the trial court's memorandum order addressed only the issue of "equal protection." Therefore, he contends that, because the court failed to address the issues of *ex post facto* punishment, violation of due process and cruel and unusual punishment, the case must be remanded for a determination of these issues.[2] For the following reasons, we disagree.

First, a state writ of habeas corpus will issue only in the case of a void judgment or to free a prisoner held in custody after his term of imprisonment has expired. Tenn. Const. Art. 1, §15; Tenn. Code Ann. § 29-21-101 *et. seq.* (1990). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. <u>Potts v. State</u>, 833 S.W.2d 60, 62 (Tenn. 1992). Unless it appears on the face of the judgment or the record of the proceedings that the convicting court lacked jurisdiction or that the defendant's sentence has expired, a habeas corpus proceeding cannot be maintained.

---

[2]In rejecting the appellant's equal protection argument that he should have the benefit of the reduced penalties of the current law, the trial court properly found that "the 1989 Act by its express language did 'not affect rights and duties that matured, penalties that were incurred, or proceedings that were begun before its effective date.'" <u>See</u> 1989 Tenn. Pub. Acts, Ch.591, § 115. <u>See also</u> <u>State ex rel Crum v. McWherter, et al,</u> No. 02C01-9108-CC-00181 (Tenn. Crim. App. at Jackson, May 13, 1992) (rejecting virtually the identical argument presented in this case and holding that "society has a strong interest in preserving the finality of criminal litigation resulting in a conviction and sentence which were valid at the time of their imposition").

See Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). Because the Circuit Court of Lauderdale County had jurisdiction to try and decide the case and the record reflects that the sentence imposed has not expired, habeas corpus relief is not available. Moreover, if from the face of the petition, the reviewing courts finds nothing to indicate that the appellant's challenged convictions might be void, the court shall dismiss the petition and refuse the issuance of the writ. See Tenn. Code Ann. §§ 29-21-101; -109.

Again, the appellant argues "that when the Tennessee Sentencing Reform Act of 1989 was incorporated into law, the term of the sentence applied to Open Rebellion was significantly reduced from life imprisonment to an 8 to 30 year period of incarceration consistent with its classification as a Class B felony." This argument is misplaced. The crime of Open Rebellion as codified at Tenn. Code Ann. § 39-5-712 (1982) was repealed upon enactment of the 1989 Criminal Code. There is no equivalent or corresponding crime found in our current criminal code for the repealed offense of open rebellion. An indictment charging the conduct previously proscribed for the crime of open rebellion would require the charging of multiple offenses under our current criminal code.[3] The statutory provision referred to by the appellant simply provides that, "for . . . sentencing purposes after November 1, 1989," in determining the classification of a felony committed prior to November 1, 1989, *i.e.*, "[r]ebellion by a convict with the intent to kill or escape shall be classified as a class B felony in establishing the appropriate sentence range." Tenn. Code Ann. § 40-35-118 (1990).

Finally, the appellant attempts to utilize habeas procedures as a vehicle for direct appeal. Indeed, in the appellant's direct appeal to this court, he presented the same issue as in the instant petition, i.e., "[w]hether the imposition of a life sentence,

---

[3]Open rebellion as codified at 39-5-712, was defined as follows:

Rebellion with intent to kill or escape. - If any convict confined in the penitentiary for a term less than life, openly rebel with intent to kill the warden or any other officer thereof, or with intent, by open violence to escape, he shall, on conviction thereof, be imprisoned in the penitentiary for life.

4

pursuant to Tenn. Code Ann. § 39-5-712, is violative of the appellant's Eighth Amendment right to be free from cruel and unusual punishment." Willis, C.C.A. No. 3. Not only is this issue inappropriate for consideration, it is *res judicata*. Similarly presented are the issues of due process and *ex post facto* punishment. A petition for habeas corpus relief is an inappropriate procedure in which to review potential errors of a trial court. Richmond v. Barksdale, 688 S.W.2d 86, 88 (Tenn.Ct.App. 1984) (quoting State ex rel. Anglin v. Mitchell, 575 S.W.2d 284 (Tenn. 1979)). Moreover, we note that the factual allegations of this case do not permit invocation of an *ex post facto* challenge.

For these reasons, we find summary dismissal of the appellant's writ for habeas corpus proper. The judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
GARY R. WADE, Presiding Judge

_____
JERRY L. SMITH, Judge