IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 5, 2019

**ELIJAH PAUL WILLIAMS v. CARROLL COUNTY SHERIFF**

**Appeal from the Circuit Court for Carroll County**
**No. 19CR45  Donald E. Parish, Judge**

_____

**No. W2019-00821-CCA-R3-HC**
_____

The Petitioner's father, Paul Williams, appeals on behalf of the Petitioner, Elijah Paul Williams, from the Carroll County Circuit Court's summary dismissal of his petition for writ of habeas corpus. On appeal, the Petitioner asserts that the habeas corpus court erred in dismissing his petition without the benefit of an evidentiary hearing. Upon review, we affirm.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Elijah Paul Williams, Huntingdon, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Assistant Attorney General; Matthew F. Stowe, District Attorney General; and Marsha W. Johns, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The record on appeal consists of only seventeen pages, most of which appear to be successive filings by the Petitioner's non-attorney father contesting the jurisdiction of the juvenile court based on his lay understanding of the law. Nevertheless, on January 28, 2019, the Petitioner's father filed a petition for writ of habeas corpus alleging that his son, Elijah Paul, was unlawfully restrained by the Carroll County Sheriff. The affidavit attached to the petition and signed by the Petitioner gave his father permission to file on his behalf. See Tenn. Code Ann. § 29-21-107 (allowing application of the writ to be made by a person on petitioner's behalf if verified by affidavit). The petition alleged that the unlawful restraint stemmed from the failure to appear at a juvenile court hearing

concerning failure to pay child support on September 25, 2018, which resulted in a "defective" order for contempt. The Petitioner claimed that he did in fact appear as ordered by the court and that a recording of the court minutes would support his claim. The affidavit also noted several other factual allegations disputing that the Petitioner failed to appear on September 25, 2018. The affidavit further alleged that the Petitioner was taken into custody by sheriff's deputies on January 7, 2019.

The Petitioner attached four exhibits to his petition: (1) a copy of the court summons for the Petitioner to appear in juvenile court on September 25, 2018, which was personally served on September 20, 2018; (2) a copy of the September 26, 2018 order from the Juvenile Court of Carroll County noting that a hearing was set on September 25, 2018, that the Petitioner's [respondent] attorney was present, that the Petitioner failed to appear after proper service, and further issuing an arrest warrant to secure the presence of the Petitioner in court at the next available date; (3) the attachment order for contempt after proper service; and (4) a handwritten "affidavit of status" filed on September 25, 2018, apparently disputing the action of the juvenile court and claiming, inter alia, "there is no birth certificate naming Elijah Williams as the father" and that "child support is a voluntary act[.]"

Three days after the habeas corpus petition was filed in the Carroll County Circuit Court, on January 31, 2019, the habeas corpus court reviewed the petition and attached exhibits in camera and determined that the Petitioner was in custody "pursuant to a facially proper process" of the juvenile court and that there was a hearing set on the matter on February 19, 2019. The habeas corpus court therefore entered an order staying the habeas proceedings pending the action of the juvenile court.

Five days later, on February 5, 2019, the Petitioner's father filed a "Notice to Object to Petition for Criminal Contempt, for lack of jurisdiction" and a "Notice to Instruct the court," in the Carroll County Juvenile Court. In this February 5 combined filing, the Petitioner's father appears to argue, as suggested in the habeas corpus affidavit, that the juvenile court had no jurisdiction over Elijah Williams because "child support is voluntary" and the court had no birth certificate naming Elijah Williams as the legal father. Two days later, on February 7, 2019, the Petitioner's father filed a "Petition for a Writ of Mandamus" in the appellate court seeking an order to "command the performance of the Carroll County Circuit Court at Huntingdon to hear the Petition for a Writ of Habeas Corpus in a timely manner." A week after this filing, on February 14, 2019, the Petitioner's father filed a "Notice to Reconsider and hear the Petition filed January 28, 2019[,]" urging the habeas corpus court to hear the petition before the Petitioner's matter was set in juvenile court to determine whether the Petitioner was "lawfully at the Carroll County Jail since January 7, 2019[.]"

A week after the above filing, on February 21, 2019, the Petitioner's father filed in the habeas corpus court yet another "Notice to Hear the Writ of Habeas Corpus," arguing, in pertinent part, as follows:

> On February 19, 2019, the Juvenile court failed to prove that jurisdiction of the subject matter existed; the child support clerk testified that there was no plea agreement signed by Elijah in open court. Therefore, the State of Tennessee . . . does not have an agreement with Elijah Williams; for the court to charge him with criminal contempt. Based on this criminal contempt Elijah Williams was arrested January 7, 2019 and his body taken and put in confinement in the Carroll County Jail; without his consent.

Based on its April 15, 2019 order, it appears that the habeas corpus court conducted a hearing in this matter on March 22, 2019. In its order, the habeas corpus court observed that the Petitioner appeared in open court and was not in custody. The habeas corpus court therefore determined the matter was moot and dismissed the petition. It is from this order that the Petitioner now appeals.

## ANALYSIS

On appeal the Petitioner claims that the habeas court erred by staying his petition without a hearing, and later by denying his petition as moot. Upon review of the record and applicable law, we conclude that the Petitioner is not entitled to habeas corpus relief and that summary dismissal of the petition was proper.

We agree with the habeas corpus court's determination that this matter is moot. As relevant here, Tennessee Code Annotated section 29-21-101(a), provides that habeas corpus relief is only available if the petitioner is "imprisoned or restrained of liberty." The term "imprisoned" means "actual physical confinement or detention." Hickman v. State, 153 S.W.3d 16, 22 (Tenn. 2004). However, a petitioner is "restrained of liberty" if "the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement," even if "the petitioner is not physically confined or detained." Id. (citations omitted); see Benson v. State, 153 S.W.3d 27, 31 (Tenn. 2004). The requirement that a petitioner be "imprisoned or restrained of liberty" by the challenged conviction is a requirement that a petitioner have standing to bring a habeas corpus proceeding, and this standing requirement operates independently of a petitioner's substantive claim of voidness. See Benson, 153 S.W.3d at 31 ("A statutory prerequisite for eligibility to seek habeas corpus relief is that the petitioner must be 'imprisoned or restrained of liberty' by the challenged convictions."); see also Tenn. Code Ann. § 29-

- 3 -

21-107(b) (2006).  A petitioner will not receive habeas corpus relief where the sentence for the challenged conviction has been served.  See Benson, 153 S.W.3d at 31.

Here, the habeas corpus court found that the Petitioner was not in custody at the time of the hearing and therefore dismissed the habeas petition as moot.  In his brief, the Petitioner agrees that he was no longer in custody and that his father "was forced to bail his son out" of jail on February 22, 2019.  Nothing in the record shows that the juvenile court lacked jurisdiction to hold the Petitioner in contempt for failure to appear to pay child support.  The Petitioner also does not argue that the order of contempt attached to his petition is void.  Instead, the Petitioner contests his detention as illegal based upon the juvenile court's legal determinations of failure to appear and failure to pay child support.  In this regard, we note that habeas corpus is not the appropriate vehicle to challenge orders of contempt stemming from delinquent child support.  The remedy for such substantive claims is addressed through a direct appeal.  See Richmond v. Barksdale, 688 S.W.2d 86, 88 (Tenn. Ct. App. 1984) (citing Leonard v. Leonard, 207 Tenn. 609, 341 S.W.2d 740 (1960)) (petitioner cannot by a habeas corpus proceeding challenge his imprisonment for contempt based upon his inability to pay or upon other grounds which depend upon the presentation of substantive proof, pro or con).  Because there was no facially cognizable claim, the Petitioner was not entitled to appointment of counsel or a hearing in the habeas corpus court.  See Billy James Matthews v. Turner, No. W2004-01547-CCA-R3-HC, 2005 WL 957112, at *2 (Tenn. Crim. App. Apr. 26, 2005) (citations omitted).  Accordingly, summary dismissal was proper, and the Petitioner is not entitled to relief.


**CONCLUSION**

Based upon the above reasoning and analysis, the judgment of the Carroll County Circuit Court is affirmed.  We also conclude, by virtue of this opinion, that any outstanding motions filed in this court by the Petitioner's father on behalf of the Petitioner are DISMISSED as moot.

_____
CAMILLE R. MCMULLEN, JUDGE